MAUD LYNCH V. THE STATE.

No. 23506. Delivered December 4, 1946.
Rehearing Denied February 5, 1947.

*Wade, Ford, Duke & Melton,* and *A. S. Baskett,* all of Dallas, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted by a jury of misdemeanor theft over the value of $5.00 and under $50.00, and awarded a penalty of four years in jail under a habitual criminal allegation of a prior conviction.

The statement of facts filed herein seems to have been agreed to by the attorneys for the State as well as those of appellant, but is not signed nor approved by the County Judge trying such case; no approval thereof being shown. Under the statute, Art. 760, Vernon's Ann. Tex. C. C. P., it is necessary that such statement be approved and signed by the judge trying the case. See Barnes v. State, 102 Tex. Cr. R. 20, 277 S. W. 128; Burns v. State, 105 Texas Crim. Rep., 393, 288 S. W. 1087; Epple v. State, 109 Tex. Cr. R. 135, 2 S. W. (2d) 438; Vernon's Ann. Tex. C. C. P., (Pocket Part, 1946), Art. 760, note 24.

Appellant also offers five bills of exception in which he alleges error was committed by the trial court. An examination of the record shows that this cause was tried and verdict rendered on April 30, 1946; that a motion for a new trial was heard

## 150

and by the court overruled on May 4, 1946; that on that day notice of appeal was given and the trial court, after hearing same, overruled the motion and entered the notice of appeal in the record, which notice contains the following:

"Defendant is granted 50 days within which to prepare and file Statement of Facts and Bills of Exception herein."

Thereafter, on June 28, 1946, appellant filed a motion in writing requesting the trial judge to grant an extension of 30 days in which he might prepare and file his bills of exception, herein, which request was granted. It will be noticed that 54 days had passed since the trial court har granted appellant 50 days in which to prepare and fi'e his bills of exception, and because of the fact that such order extending the time for filing bills of exception was entered after the 50 days originally granted by the court, the trial judge was without power to grant an extension of the first order. In other words, in order for an extension of time to be granted, such extension should be granted prior to the expiration of the original order. See Vernon's Ann. Tex. C. C. P., Art. 760, note 44 (Pocket Part, 1946) for many cases. Therefore, we cannot consider the bills of exception, all of which were filed on July 27, 1946, long after the 50 days were granted.

Being unable to consider either the statement of facts or the bills of exception herein presented, we have examined the remaining portion of the record and find no error shown therein.

The judgment is accordingly affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

It is disclosed by the motion for rehearing that the chief attack made in this appeal is on the sufficiency of the evidence to support the conviction. In addition to the proof on the formal allegations, Mrs. Myrtle Stowe, a clerk in the department store of A. Harris & Co., identified appellant as being in the store and at the counter where was kept the alleged stolen articles, a bottle of perfume of the value of $12.50. The witness saw the defendant standing there and called the floorman who, in turn, called the house detective. Mrs. Stowe further testified, with reference to the transaction, "She walked over to this counter and put a handkerchief over this package. That was the Dorothy

Gray display counter. Then she put a handkerchief over that; * * * She put the handkerchief over this bottle of perfume." The witness became busy waiting on customers but next saw defendant walking out the front door. She further testified: "I then went over to where this display was at the time; and the perfume was gone. When I got there I found that the perfume was gone and the empty box was there. Yes, I found the empty box. * * * When we sell a bottle of that we give the customer both the box and the bottle. We always give them the package, the box and the bottle. When I walked over there to the Dorothy Gray display after I saw the defendant put a handkerchief there, I found an empty box. That empty box was the $12.50 size."

Miss Slovak, another clerk in the department, identified appellant as the person present at the time, and gave about the same testimony as to her acts and conduct as that above quoted. She said that appellant was with another woman who was standing by the counter, and the witness "* * * saw her take her handkerchief and put it over a bottle and picked it up. What she did with the handkerchief, she put it over the bottle and picked it up. She put it over a bottle of perfume, Dorothy Gray, the $12.50 size." This witness also called the floorman.

Mrs. Odell, the house detective, arrived on the scene and she testifies to seeing appellant talking to a lady who was with her. She saw appellant hand this lady "* * * an object or something wrapped up in a handkerchief. Maude Lynch handed that, handed another lady an object wrapped up in a handkerchief. She just kind of poked it under her coat." The two women walked out of the store together.

The testimony is to the effect that the article alleged to have been stolen was in the box, that appellant laid her handkerchief on it, that she picked it up and handed something to the lady who was with her, poking it under her coat. Immediate examination disclosed an empty box which had contained the stolen article. Proof is also made of the former conviction in accordance with the allegation. Appellant did not testify and offered no evidence in her hehalf.

The court submitted the case to the jury with a charge on circumstantial evidence which was proper in this case. However, the evidence so closely approaches direct testimony that appellant took the article, as alleged, we do not think that any discussion of it is called for in this opinion.

Appellant's Bill of Exception No. 1 complains of the refusal of the court to permit counsel to question the jurors, on voir dire examination, as to their belief regarding the former conviction alleged, and to answer whether or not they think she should again pay for the same offense. The court properly refused to indulge counsel in this examination. It is a question of the validity of a law which the courts, and not the jury, must pass on.

Bill of Exception No. 2 presents an objection to the question and answer presented to Mrs. Odell, the house detective, which reveals that she was called to the cosmetics department at the time of the alleged theft. The evidence does not show why she was called, only that she received a call to report there. We find no error in this testimony.

Bill of Exception No. 3 complains of the admission of the testimony of Mrs. Myrtle Stowe who said she had heard of appellant for some ten years past, while the witness was working in the Baker Drug Store. The harmful effect of this evidence is not revealed. It was proper to qualify the witness to identify the accused.

Bill of Exception No. 4 complains of the evidence of Mrs. Myrtle Stowe to the effect that when they sold a bottle of this perfume, "We always give them the package, the box and the bottle." The objection was that the evidence was an attempt to prove a custom and was immaterial and irrelevant. It was a proper subject for the jury to understand whether or not the box was empty before appellant placed her handkerchief over it, and, while the evidence is direct and positive on the subject, the testimony thus elicited was proper and is positive as to the method of delivering the article when sold.

Bill of Exception No. 5 raises the question as to the sufficiency of the evidence, which we have already discussed.

As originally submitted the record was defective. Supplemental transcript has corrected the omission pointed out, and the case has been fully considered on the motion for rehearing. It is our conclusion that the order of affirmance, heretofore entered, makes proper disposition of the case.

The motion for rehearing is overruled.