BEN J. YOUNG V. STATE

No. 25445. November 14, 1951.

Hon. H. D. Barrow, Judge Presiding.

*Grover C. Morris,* San Antonio, and *L. B. Cooper,* Cotulla, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for murder without malice with a sentence of five years in the penitentiary.

The appellant was a constable in Frio County with an official salary of $75.00 per month. The city of Dilley and the merchants thereof paid additional compensation of $137.50 per month, making his total income $212.50. The Texan Cafe was one of the contributors.

The deceased was a junior college student who came into the Texan Cafe after a dance, on the night of the fatal incident, and it appears that his conduct was not in keeping with the ideas of one of the people in charge. He had placed some of the dishes used by the party on top of the shuffleboard. He was ordered to remove them but did not respond immediately. The constable was called upon and he approached the deceased and demanded compliance with the request made to remove the things he had placed on the shuffleboard. He did not respond to this demand immediately and this was resented by appellant, who pulled his blackjack and engaged him in a fight, in the course of which appellant was knocked down and the deceased ran from the building. While he was running appellant shot him, hitting him in the back, inflicting the wound from which he died shortly thereafter. This furnishes a fair summary, in brief, of the pertinent facts of the case.

The defense seems to be based on the ground that deceased was resisting arrest, that the constable had a right to arrest him because he was drunk and creating a disturbance. This conclusion is not altogether supported by the facts of the case.

As we view the record, it is immaterial that the deceased had been drinking in the absence of a showing that he was sufficiently under the influence of intoxicating liquor to authorize his arrest. Even so, the facts do not show that resistance on the part of the deceased which would warrant the appellant's shooting him as he fled from the scene of the combat.

One bill of exception is found in the record which complains of the failure of the court to grant his motion for a new trial based, chiefly, on newly discovered evidence.

The notice of appeal was given on April 14th, 1951. Approximately sixty days thereafter appellant made his first application for an extension of time within which to file his bills

of exception and statement of facts. The court granted this application, bills to be filed within fifteen days from June 14th, 1951. The court had no authority to grant this additional time inasmuch as the thirty days allowed by law for filing the bills of exception had already expired. This rule has been so frequently referred to that citation to cases will not appear to be necesary. We are unable to consider the bill of exception.

As a consequence of this conclusion, we will not discuss the merits of the contention further. See 4 Tex. Jur., Sec. 165, p. 231, and 4 Tex. Jur., Sec. 266, p. 399. The rule requiring complaint of failure to grant a new trial based on newly discovered evidence to be presented by bill of exception is not changed by S.B. No. 167, Acts of 52nd Legislature, being Chapter 463, Vernon's Ann. C.C.P. Art. 760c. See Ver. Ann. C.C.P Art 760 (5).

We find no further complaint requiring discussion in this opinion. In the absence of error appearing of record, the judgment of the trial court is affirmed.