the offense shown therein. An information based upon a void complaint is itself void. Art. 414, Subd. 6, C.C.P.; 23 Tex.Juris., p. 601.

Attention is further directed to the fact that the information charges the operation of a *Chevrolet delivery* truck while the proof does not support this allegation.

Because of the fatal defect in the complaint, the judgment is reversed and the prosecution ordered dismissed.

Notice of appeal was given and sentence was pronounced on April 9, 1951. The 90 days allowed by law for the filing of the statement of facts therefore expired on July 8, 1951.

 The statement of facts, not having been filed until July 9, 1951, cannot be considered. See Huber v. State, 151 Tex.Cr. R. 306, 207 S.W.2d 383; Tuck v. State, Tex.Cr.App., 231 S.W.2d 436; Bichon v. State, Tex.Cr.App., 230 S.W.2d 812.

In the absence of a statement of facts, we are unable to appraise the bills of exception.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.

WOODLEY, Commissioner.

The conviction is for murder without malice; the punishment, 5 years in the penitentiary.