### DORSEY SELVIDGE V. STATE

No. 32,884.   February 8, 1961
Motion for Rehearing Overruled April 5, 1961
Second Motion for Rehearing Overruled May 10, 1961

WOODLEY, Presiding Judge, absent.

*McCarthy, Carnahan, Fields & Haynes* (*George S. McCarthy* of Counsel) Amarillo, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is exhibiting a gaming table or bank for the purpose of gaming; the punishment, 2 years.

This is a companion case to Chamberland v. State, 338 S.W. 2d 726.

Ranger Hensley and Texas Department of Public Safety intelligence agent Auten testifed to substantially the same facts, and their testimony will be summarized. They stated that on the night in question they went to the Steak House a few miles east of Amarillo and remained in the dining and dancing area for approximately an hour and then walked up to Jack Barry,

the doorman, indicating that they wanted to go back into the game room; that Barry said, "Just a minute, 'and left and came back and led us down this hallway and unlocked this door into the office, and locked it back, and then unlocked this door here that let us into the game room.' " They testified they observed a blackjack and a dice table and a number of people, that Auten approached the dice table and purchased $10.00 worth of chips from a man at the table and joined the ten or twelve players at the table. They stated that besides the players there were three men at the table, the one from whom he purchased the chips who "was exchanging chips for money," "paying off bets," and "taking in bets when you lost," another man who was paying off bets and taking in chips, and appellant who was handling the stick, which meant that he called the roll of the dice and returned the dice to the player who was rolling them. They testified that after Auten had participated in the game for approximately fifteen minutes these three men shifted positions and appellant began to take in and pay off bets and someone else handled the stick. After another fifteen minutes, the raid took place, and photographs of the equipment and those present were taken, and introduced in evidence.

Appellant did not testify in his own behalf, but called his wife who testified that she and appellant were operating another establishment in the city of Amarillo and that she dropped her husband off at the Steak House to get some change on the night in question.

We find the evidence sufficient to support the conviction and shall discuss the contentions advanced by brief and in argument.

Section 6 of Article 759a, V.A.C.C.P., has remained unchanged since its adoption in 1951. It reads as follows:

"Sec. 6. This Statute shall apply to all Statements of Fact relating to any Motion heard in the case, but the facts adduced in connection with any Motion *shall be filed with the clerk separately from the facts adduced bearing upon the guilt or innocence of the defendant.*"

This court has had occasion to rule upon the force and effect of the word "separately" in four cases. In Hampton v. State, 157 Tex. Cr. Rep. 244, 248 S.W. 2d 488 (1952), we held that we were not authorized to consider evidence heard on a motion for

instructed verdict which was incorporated in the statement of facts of the trial. In Dabney v. State, 159 Tex. Cr. Rep. 494, 265 S.W. 2d 603 (1954), we held that we were not authorized to consider evidence adduced in connection with a motion to quash the jury panel which was incorporated in the statement of facts of the trial. In Crawford v. State, 165 Tex. Cr. Rep. 147, 305 S.W. 2d 362 (1957), we held that we were not authorized to consider evidence adduced in connection with a motion to quash the indictment unless the same appeared in a separate statement of facts.

In Ellithorpe v. State, 167 Tex. Cr. Rep. 266, 320 S.W. 2d 350 (1959), we held that we were not authorized to consider stipulations as to jury misconduct in connection with a motion for new trial when the same were incorporated in the main case, as is the situation in the case at bar.

Upon the authority of the above cases, we cannot consider the evidence relating to alleged jury misconduct contained in the statement of facts on the merits, which is the only statement of facts before us.

He next complains of argument of the prosecutor in which appellant was referred to as a professional gambler. The witness Auten testified on redirect examination without objection as follows:

"Q.   Based on your experience and observation of dice games in progress, about which you testified on cross-examination, I will ask you whether or not the dice table which I am indicating to you and which is in evidence here in the court room, — whether or not that is a professional dice table?

"A.   Yes, sir."

This opinion is fortified by the pictures taken at the scene and other testimony which we need not elaborate. Appellant's participation, as heretofore stated, in a game being played in such surroundings would authorize the deduction that he was in fact a professional. We find no merit in the bill. Chamberland v. State, supra. See also Miller v. State, 163 Tex. Cr. Rep. 381, 292 S.W. 2d 108.

Further complaint is made because the trial court refused to

grant a mistrial when the prosecutor in his argument expressed the opinion that the maximum punishment should be greater than that fixed by the statute. The careful trial court promptly instructed the jury that the law fixed the punishment, that they were to be governed by the law as set out in the charge and were not to consider the argument for any purpose. We find no reversible error reflected by this bill.

The remaining bills to argument reflect pleas for the enforcement of the law and reflect no error.

He next contends that the court erred in permitting the witness Hensley to testify that the odds involved in "that spread" were "about 60% to the house and 40% to the other participants." The witness testified that he had been employed as a peace officer for twelve years, gave full details about how a house dice game is operated, and stated that what he observed on the night in question was a "regular professional dice layout spread." We have concluded that he was qualified to express the opinion above set forth.

Appellant further contends that the evidence is not sufficient to support that portion of the indictment which alleged that appellant "kept" the gaming table and bank, and relies upon Grimes v. State, et al 168 Tex. Cr. Rep. 341, 327 S.W. 2d 583. Appellant's contention must be analyzed with the indictment, the charge, the verdict, and the judgment in mind. The indictment charged "keeping and exhibiting." However, when the court submitted the same to the jury in that portion of the charge which applied the law to the facts, he submitted only "exhibiting." While it is true that the verdict found appellant guilty "as charged in the indictment," and the judgment followed the verdict, this Court has the duty of considering the whole record in determining what the correct judgment should be. Ex parte Brown, 145 Tex. Cr. Rep. 39, 165 S.W. 2d 718. Obviously, the jury nor the court could find the appellant guilty of "keeping" when only the offense of "exhibiting" had been submitted to the jury. We therefore reform the judgment under the authority of Article 847, V.A.C.C.P., to read that appellant is adjudged guilty of "exhibiting for the purpose of gaming a gaming table and bank." Ross v. State 112 Tex. Cr. Rep. 14, 13 S.W. 2d 701, and Florence v. State, 160 Tex. Cr. Rep. 591, 273 S.W. 2d 631.

In view of the record, we are at a loss to see how the court's

charge on principals, if given the interpretation he attributed to it, could have been injurious to appellant.

We find no merit in appellant's complaint concerning the evidence of how many people were arrested at the Steak House on the night in question.

Finding no reversible error, the judgment of the trial court is reformed and, as reformed, is affirmed.

ON APPELLANT'S MOTION FOR REHEARING

McDONALD, Judge.

In his motion for rehearing, appellant urges that we now consider evidence relating to alleged jury misconduct, since he has now brought forward this evidence of alleged jury misconduct in a separate statement of facts. This, in reality, is a portion of the original statement of facts, withdrawn and separately bound, the official court reporter's signed certificate bearing the date of July 20, 1960, and the trial court's approval being signed and dated February 16, 1961.

While the legislative amendment to Sec. 4 of Art. 759a, V.A.C.C.P., does provide, in part, that the approval of the statement of facts by the trial judge after the expiration of the ninety-day period shall be sufficient proof that the time for filing was properly extended, we do not feel that the extension of time given by virtue of the trial court's approval is applicable to this case or any similar case. We remain convinced that this case was correctly disposed of in our original opinion.

We desire to point out that the instant case is one in which appellant filed briefs and submitted himself to this court through his attorneys' coming before us and making oral argument on original submission.

The original opinion of this court was handed down on February 8, 1961, and, as pointed out above, eight days later, on February 16, 1961, by the trial court's signature his approval was obtained to the statement of facts filed separately in connection with appellant's motion for new trial alleging jury misconduct.

We feel that the appellant has here effectively and conclusive-

ly waived the right to now come before this court and ask consideration of a matter over which he, himself, had absolute control. It is our conclusion that to hold otherwise would prohibit us from ever being able to effectively terminate appeals to this court.

The conclusion reached herein is not in conflict with our opinion in Urteago v. State, 169 Tex. Cr. Rep. 160, 333 S.W. 2d 133, because in that case —as pointed out in the opinion— the excerpts from jury argument which we considered on motion for rehearing had been timely filed in the trial court prior to the original submission of the case in this court.

Appellant's motion for rehearing is overruled.