TOM FRED CUNNINGHAM V. STATE

No. 33,871. November 1, 1961
Motion for Rehearing Overruled January 3, 1962
Second Motion for Rehearing Overruled January 31, 1962

**4**

WOODLEY, Presiding Judge, dissented on Motion for Rehearing.

*Ben Henderson,* and *Robert C. Benavides,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Phil Burleson,* Assistant District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

PER CURIAM.

Driving while intoxicated is the offense; the punishment, a fine of $100 and 5 days in jail.

The record is before us without a statement of facts or bills of exception. Nothing is presented for review.

The judgment is affirmed.

### ON MOTION FOR REHEARING

McDONALD, Judge.

Upon original submission, this case was affirmed in a Per Curiam opinion delivered November 1, 1961, the record being before us without a statement of facts or bills of exception, and nothing having been presented us for review.

A statement of facts signed by the trial judge on November 9, 1961, and filed in the trial court on November 9, 1961, was filed in this court on November 15, 1961.

Appellant states in his motion for rehearing that there was "error in the preparation of the transcript on appeal for the reason that there was no statement of facts of said proceedings included therein; that upon receiving said opinion of the affirmance of said judgment, appellant immediately filed his motion with the trial court, and good cause shown, same was so ordered." Appellant states that a different result will probably obtain if this court considers the statement of facts now on file with this court.

We observe that the verdict of the jury was rendered on February 22, 1961; notice of appeal to this court was given on April 3, 1961; the case was submitted originally to this court on

October 25, 1961; and, as above stated, our opinion was handed down on November 1, 1961.

The state challenges the late filing of this statement of facts and its consideration by this court.

We are aware of the provisions of Section 4 of Article 759a, V.A.C.C.P., allowing a filing after the 90 days provided when the trial judge signs same. However, here, the statement of facts was filed 220 days after notice of appeal was given, or 130 days beyond the normal 90-day period in which to file. We further observe that the statement of facts filed in this court *was signed by the trial court judge* some 8 days after the deliverance of the original opinion.

While this court has, on occasion, withdrawn its original per curiam opinion and allowed the statement of facts to be filed and considered by this court, it has only done so in cases where the statement of facts had been filed with the trial court prior to original submission of the case before this court.

In the recent opinion of Selvidge v. State, 171 Texas Cr. Rep. 140, 345 S.W. 2d 523, on rehearing, this court had an occasion to consider and decide a very similar fact situation. There, after the original submission, a statement of facts was filed and *signed by the trial court judge,* some 8 days after the deliverance of the original opinion. This court, in refusing to consider the late filed statement of facts, in construing the legislative intent behind Section 4, Article 759a, supra, said:

"It is our conclusion that to hold otherwise would prohibit us from ever being able to effectively terminate appeals to this court."

We think the Selvidge case controls the disposition of this case.

Appellant's motion for rehearing is overruled.

ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Presiding Judge (dissenting).

A statement of facts, approved by the trial judge since the affirmance of the judgment by per curiam opinion on November 1, 1961, has been filed and forwarded to this court. The state

challenges the late filing of such statement of facts, and cites Selvidge v. State, 171 Texas Cr. Rep. 140, 345, S.W. 2d 523.

Prior to the amendment of Art. 759a, Sec. 4, V.A.C.C.P. in 1959 (Acts 56th Legislature, 1st C.S. p. 20), said section read: "The defendant shall file said statement of facts in duplicate, with the clerk of the trial court within ninety (90) days after the date of giving notice of appeal." There was no authority elsewhere in the Code whereby the trial judge could extend the time for filing the statement of facts.

The 56th Legislature amended Section 4 of Art. 759a by adding thereto:

"and for good cause shown, the judge trying the cause may further extend the time in which to file the statement of facts, and shall have the power, in term time or vacation, upon application for good cause to extend for as many times as deemed necessary the time for preparation and filing of statement of facts, and *the approval of the statement of facts after the expiration of the ninety (90) day period shall be sufficient proof that the time for filing was properly extended.*"

The state's brief presents strong argument why there should be some limitation upon the time which the trial court may allow by extension. The legislature, however, has fixed no such limitation.

The legislature having provided that the trial judge may extend the time for filing the statement of facts for good cause shown, without reference to whether the transcript has been forwarded or whether the case has been submitted, this court is without authority to do other than comply with the statute. Whether there should be a limitation upon extensions by the trial court is for the legislature.

If Selvidge v. State, supra, supports the state's position it should be overruled.

I respectfully dissent.