**Willie James CALDWELL, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 35275.**

Court of Criminal Appeals of Texas.

Jan. 30, 1963.

J. M. Anderson, Dallas, for appellant.

Henry Wade, Dist. Atty., Frank Watts and Emmett Colvin, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The offense is assault with intent to murder with malice; the punishment, five years in the penitentiary.

No statement of facts accompanies the record in this case.

The sole question presented for review is that the action of the trial court in overruling appellant's motion for new trial, based upon newly discovered evidence of insanity, constitutes error.

The record reflects that appellant's trial was concluded with the jury verdict on April 12, 1962. Thereafter, on April 18, 1962, appellant's present counsel, J. M. Anderson, filed a motion for new trial to the effect that the verdict was contrary to the law and the evidence. An amended motion was filed on May 2, 1962, by Mr. Anderson, setting forth the defense of insanity for the first time, both at the time of the alleged offense and at the time of trial. The amended motion stated, in substance, as follows: Some time before the trial of appellant, represented by appointed counsel other than Mr. Anderson, Mr. Anderson and Mr. Sam Jones, attorney, of Waco, Texas, being retained by appellant's family, were aware of a possible or probable insanity defense. Acting on such premise, Mr. Anderson interviewed appellant in jail, on which occasion appellant indicated he was a member of the F. B. I. and would handle his own defense. Mr. Anderson contacted numerous psychiatrists in the Dallas area for the purpose of examination but was unsuccessful. Mr. Jones then engaged Dr. S. Bergen Morrison, of Waco, who, with the permission of the Dallas authorities, namely the sheriff and the office of the district attorney, examined appellant in the Dallas jail on April 7, 1962. When Mr. Anderson received the report of Dr. Morrison to the effect that appellant was insane at the time of the offense and presently insane, he forwarded this information to the first assistant district attorney of Dallas County, Honorable James K. Allen, but this information was

not received by Mr. Allen until after the trial below. Mr. Anderson alleged that appellant's appointed attorney did not know that a psychiatric examination was being arranged for by "defendant" and his "counsel" and that neither appointed counsel nor the district attorney's office was notified as to the results of the examination until after the trial. Mr. Anderson further alleged that he used reasonable diligence in securing such medical information.

After a hearing on May 21, 1962, on the amended motion, at which time the testimony of Dr. Morrison was received as to his examination and report, which he testified he mailed to Mr. Anderson and Mr. Jones on April 9, 1962, the trial court overruled said motion. To such order, appellant excepted and gave notice of appeal.

No statement of facts as to the testimony on the main trial has been brought forward, although a stipulation appears attached to the statement of facts as to the testimony on the motion to the effect that no lay or medical testimony with regard to mental capacity was offered at the main trial or submitted in a charge to the jury, and that, inter alia, state's trial counsel had no notice that Mr. Anderson had been retained.

No formal bills of exception having been filed herein, it appears that the matter complained of is not properly before this court for review. The motion for new trial does not qualify as an informal bill under Art. 760e, Vernon's Ann. C.C.P., inasmuch as only motions for new trial relating to jury misconduct or the reception of new evidence by the jury are specified therein. As stated in Young v. State, 156 Tex.Cr.R. 454, 243 S.W.2d 587, the rule requiring complaint of failure to grant a new trial based on newly discovered evidence to be presented by bill of exception was not changed by enactment of Art. 760e, supra. Neither formal nor informal bills appearing of record, there is nothing for review.

If the matter complained of were properly before this court for review, it appears that appellant would fail for lack of diligence. In his brief, appellant relies upon Pappas v. State, 127 Tex.Cr.R. 570, 78 S.W.2d 619, to excuse the lack of diligence. Under the doctrine of Pappas, the rule of diligence is relaxed only as to the accused. Counsel in Pappas did precisely what appellant's counsel herein should have done—i. e., he advised the court, before trial, of an insanity defense and asked for a postponement for necessary time to prepare the insanity defense. In the Pappas opinion it was stated: "They [counsel] were not in the attitude of waiting until after the trial to raise the question." Of course, appellant's present counsel states that the appointed counsel was unaware of the psychiatric examination which was conducted some five days before trial. This merely raises the critical question: Why did not appellant's retained counsel advise the appointed counsel or the court or both? Further, why did not retained counsel apprise himself of the date of trial and have his name entered by the clerk as attorney of record for appellant? He could have then filed an affidavit for a sanity hearing prior to the trial on its merits.

A jury trial upon the issue of appellant's sanity, under the provisions of Art. 932b, Sec. 3, V.A.C.C.P., is not precluded prior to the final disposition of this appeal. Thereafter, Sec. 11 of Art. 932–1, V.A.C.C.P., will be applicable.

Finding no error calling for a reversal, the judgment of the trial court is affirmed.