**James Wilbert HOSKINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 36088.

Court of Criminal Appeals of Texas.

Dec. 4, 1963.

Dickson & Associates and William M. Dickson, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and Carol S

Vance, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

This appeal is from a conviction of driving a motor vehicle while license as a commercial operator was suspended; the punishment, a fine of $50.00 and thirty days in jail.

Appellant's motion for new trial was overruled, and notice of appeal was given in open court, on February 25, 1963. The ninety days during which appellant was required to file the statement of facts, as required by Article 759a, Sec. 4, Vernon's Tex.C.C.P., expired on May 26, 1963. No statement of facts was filed by appellant by such date.

On June 11, 1963, one hundred and six days after notice of appeal, a thirty-day extension to the already expired ninety days allowed by statute for filing of the statement of facts was ordered. This order was signed by the Honorable George E. Miller, Judge of the trial court, and filed the same day it was signed. No application for this order is included in the transcript. There is nothing else in the transcript to indicate any attempt at diligence by appellant in filing the statement or seeking an extension of time for that purpose. The statement of facts was filed on the 24th day of June, 1963, which was within the 30 day period of extension but the trial judge has never approved the statement of facts in this case. See Jackson v. State, Tex.Cr.App., 344 S.W.2d 876, where Judge Belcher said, "the statement of facts, not approved by the trial judge, cannot be considered because they were not filed within 90 days after notice of appeal as required by Art. 759a, Vernon's Ann.C.C.P." See also Mobley v. State, Tex.Cr.App., 366 S.W.2d 558; Lynch v. State, 150 Tex.Cr.R. 148, 199 S.W.2d 172; and Griffin v. State, 59 Tex.Cr.R. 424, 128 S.W. 1134.

The action of the trial judge in extending the time for filing was not a nunc pro tunc action as the record shows exactly when the time was extended. Thus, in the absence of the trial judge's signing of the statement of facts, there is no applicable presumption of proper extension of the time for filing. Art. 759a, Sec. 4, V.A.C.C.P., supra.

The statement of facts is not properly before this court, and the claims of error in refusal of requested charges and the overruling of objections to the charge given cannot be appraised in the absence of a statement of facts.

Nothing being presented for review, the judgment of the trial court is affirmed.