Dorothy HILL, Appellant,

v.

The STATE of Texas, Appellee.

No. 36222.

Court of Criminal Appeals of Texas.

Dec. 11, 1963.

Rehearing Denied Feb. 12, 1964.

Dickson & Associates by William M. Dickson, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, Joe C. Shaffer and Erwin G. Ernst, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

Upon a plea of guilty before the court, without the aid of a jury, appellant was found guilty of theft from the person; the punishment, two (2) years in the State penitentiary.

Appellant contends that the trial court erred in overruling her motion for new trial based upon newly discovered evidence. This contention is not properly before this court for review for the reason that it is not presented by a formal bill of exception. See Caldwell v. State, Tex.Cr. App., 364 S.W.2d 242, where this court, speaking through the writer stated, " * * the rule requiring complaint of failure to

grant a new trial based on newly discovered evidence to be presented by bill of exception was not changed by enactment of Art. 760e, supra [V.A.C.C.P.]." Also Young v. State, 156 Tex.Cr.R. 454, 243 S.W.2d 587.

■ While the motion for new trial is not properly before us, we do observe that the testimony of the witness, Walter Lee Beaver, at the hearing on the motion for new trial was not favorable to appellant and would not have changed the results so as to necessitate the granting of a new trial. Smith v. State, 166 Tex.Cr.R. 574, 316 S.W. 2d 750.

■ The statement of facts filed with the District Clerk on August 7, 1963, is not properly before this court for review in accordance with provisions of Article 759a, Sec. 4, which provides that the appellant shall file a statement of facts within ninety days after giving notice of appeal, or within such extended period of time which may be granted by the trial judge, and that the approval by the trial judge of the statement of facts, after the ninety day period, shall be sufficient proof that the time for filing was properly extended. The dates and action of the defendant and the trial judge relative to the statement of facts contained in the record are as follows:

(1) Notice of appeal, January 16, 1963.

(2) Expiration of the original ninety day period, April 16, 1963.

(3) Thirty day extension by the trial judge for good cause shown, April 12, 1963.

(4) Expiration of the 30 day extension period granted by the trial judge, April 12, 1963—May 16, 1963.

(5) Extension of the time for filing the statement of facts for a period of 52 days after the expiration of the 90 days allowed by the statute, May 9, 1963.

(6) Expiration of the 52 day extension period granted by the Court May 9, 1963—June 7, 1963.

(7) Order purporting to extend the time for filing for a period of 35 days after the expiration of the previous extension allowed by the statute, signed not by the trial judge, Sam W. Davis, but by E. B. Duggan, Judge Presiding, July 3, 1963.

(8) Date on which the statement of facts was filed with the Clerk of the District Court in Harris County—August 7, 1963.

■ The period in which the statement of facts could be properly filed was extended only to June 7, 1963. The presumption in Sec. 4 of Art. 759a of the statute applies only when the trial judge approves the statement of facts. There is no such approval in either statement of facts.

■ The action of the trial court, therefore, on July 3, 1963, was ineffective to properly extend the time for filing in that it was made after the extension period was exhausted on June 7, 1963. See Hoskins v. State, Tex.Cr.App., 373 S.W.2d 248, and cases cited therein.

Had the extension on July 3rd been effective to properly extend the time for filing the statement of facts for a period of 35 days beyond the previous extension period, it would not be effective to extend the period for filing until August 7, 1963, the date on which the statement of facts was, in fact, filed, as the time as extended would have expired on July 12th.

The statement of facts is not properly before this Court for review.

Nothing being presented for review, the judgment of the trial court is affirmed.

On Appellant's Motion for Rehearing

MORRISON, Judge.

■ Since the rendition of our original opinion herein on December 11, 1963, appellant has tendered a statement of facts approved by the Trial Judge on January 28, 1964.

Under the holdings of this Court in Selvidge v. State, 171 Tex.Cr. 140, 345 S.W.2d 523, and Cunningham v. State, 172 Tex.Cr. 3, 353 S.W.2d 37, our consideration of the same is precluded.

Appellant's motion for rehearing is overruled.