Benny LONGORIA, Appellant,

v.

The STATE of Texas, Appellee.

No. 37132.

Court of Criminal Appeals of Texas.

Oct. 28, 1964.

Rehearing Denied Jan. 6, 1965.

Henry Tirey, Dallas (on appeal only), Joe McNicholas, Dallas (on appeal only), for appellant.

Bruce Allen, County Atty., Tom Crum, Asst. County Atty., Waxahachie, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The appellant was convicted for murder and his punishment was assessed at death.

The testimony of the state reveals that the appellant, while driving his automobile along a rural road, signaled for Elmo Rogers and his wife, Barbara, to stop their jeep, then at gun point and with threats to kill them he made them get in his car, and as Elmo drove, appellant told them he was going to Rocket to rob a store. He directed Elmo to stop the car at the store and order a quart of oil. This Elmo did. While the deceased was in front of the car, the appellant, exhibiting a shotgun, ordered the de-

ceased into the store and then shot him in the leg; and as the deceased started toward the store, appellant shot him in the head with the shotgun. The appellant entered the store, robbed the attendant of at least $85 in money, and left in the car with Elmo driving. While being pursued, the appellant told Elmo and Barbara to tell the officers that he made them do as they did, and he left the car. Several hours later the appellant was apprehended nearby in a barn.

The testimony of a physician who examined the body of the deceased at a hospital shows that a shotgun wound in the head caused the death of the deceased.

The appellant did not testify.

Appellant's wife testified that about 3:10 P.M., August 20, the appellant gave her a note written in Spanish which she delivered to his brother the following morning. Raymond Longoria, appellant's brother, while testifying, read the note to the jury. In the note appellant stated in substance, several times, that he was going to commit suicide, and made some personal requests including the place of burial.

An employer of appellant testified that he was a good worker, and he had never heard anything against him. On cross-examination, he stated that he heard that appellant had paid a fine for being drunk in 1956; and that while appellant was working for him, he thought appellant knew right from wrong.

The state in rebuttal called Dr. Compton, M.D., who testified that he had examined the appellant and expressed the opinion that he knew the difference between right and wrong.

■ The sole contention relied on for reversal is that the trial court erred in refusing to grant appellant's amended motion for a new trial on the ground of newly discovered evidence that he was insane. This contention is not properly before this court for review for the reason that it is not pre-

sented by a formal bill of exception. Art. 760e, Vernon's Ann.C.C.P.; Young v. State, 156 Tex.Cr.R. 454, 243 S.W.2d 587; Calanchi v. State, 169 Tex.Cr.R. 97, 332 S.W.2d 722; Caldwell v. State, Tex.Cr. App., 364 S.W.2d 242; Bradford v. State, Tex.Cr.App., 372 S.W.2d 336; Adame v. State, Tex.Cr.App., 372 S.W.2d 545; Hill v. State, Tex.Cr.App., 375 S.W.2d 306.

■ In view of the penalty assessed, the amended motion for new trial and the evidence of both the appellant and the state, contained in a separate statement of facts, will be considered in reviewing the court's action in overruling the motion.

The amended motion alleges that since the trial, material evidence has been discovered showing that appellant was insane at the time of the commission of the alleged offense and since that time has been insane. The motion is not verified and no affidavits are attached. The state took issue with the appellant by denying the truth of the allegations in the motion, and offered evidence in rebuttal.

At the hearing, appellant's wife testified that he would frequently have convulsions when drinking alcohol, would not recognize people, and sometimes would go into a rage; that she smelled the odor of alcohol on his breath on the day of shooting. Further, that she was not asked about his mental condition when testifying on the main trial.

A brother testified that appellant had blackouts and seizures when drinking alcohol, and during such times did not know the difference between right and wrong. The brother was present in the courtroom during the trial, but did not testify.

A minister, who did not know appellant before he was incarcerated but had since visited him about seven times in jail and had read the note as shown in the summary of the evidence, testified that in his opinion the appellant did not know right from wrong and the nature and consequences of his acts.

An osteopath testified that he saw the appellant one time for a period of about two and one-half hours, that appellant had a deficiency in the architecture of the brain; that he had suffered from epileptic patterns since childhood; and that alcohol precipitated his problem, and when using alcohol and having seizures he did not know the difference between right and wrong.

In rebuttal, the state called Dr. John T. Holbrook, M.D., Dr. Robert Jones, M.D., and Dr. William R. Garrison, a clinical psychologist, and each testified that he had examined the appellant and expressed the opinion that the appellant knew the difference between right and wrong.

The affidavits of the sheriff and jailer of Ellis County and of Dr. Jones and Dr. Compton were introduced in evidence by the state, these affiants expressing the opinion that appellant knew right from wrong. It is noted that Dr. Compton testified on the main trial and Dr. Jones on the hearing of the motion. Also, the record shows that Dr. Jones examined the appellant at the request of the defense on February 2, before the main trial began on February 3, but he was not called to testify during the trial.

■ If the record properly presented appellant's contention for review, it appears that a careful consideration thereof shows no abuse of discretion by the trial court in refusing the motion on the ground of newly discovered evidence.

■ It is observed that a jury trial upon the issue of appellant's insanity is not precluded under the provisions of Art. 932b, Sec. 3, V.A.C.C.P., prior to the final disposition of this appeal.

■ The evidence is sufficient to support the conviction and no error appearing, the judgment is affirmed.

Opinion approved by the Court.