Adam GUERRA, Appellant,

v.

The STATE of Texas, Appellee.

No. 38418.

Court of Criminal Appeals of Texas.

June 26, 1965.

Rehearing Denied Oct. 20, 1965.

Rehearing Denied Dec. 8, 1965.

No attorney of record on appeal, Clyde W. Woody, Fred H. Dailey, Jr., Houston, on motion for rehearing, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, R. W. Hope, Jr., and F. M. Stover, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

Appellant was convicted as a second offender under the Uniform Narcotic Drug Act, Art. 725b, Vernon's Ann.P.C., for the unlawful sale of heroin and his punishment was assessed at confinement in the penitentiary for fifty years.

■ The statement of facts found in the record bears the approval of counsel for the state and for the appellant but is not approved by the trial judge. Not being approved by the trial judge, the statement of facts cannot be considered, because it was not filed within ninety days after the date notice of appeal was given as required by Section 4 of Article 759a, Vernon's Ann. C.C.P. Jackson v. State, Tex.Cr.App., 344 S.W.2d 876; Mobley v. State, Tex.Cr.App., 365 S.W.2d 173; Hoskins v. State, Tex.Cr. App., 373 S.W.2d 248; Malek v. State, Tex. Cr.App., 385 S.W.2d 389; Howard v. State, Tex.Cr.App., 389 S.W.2d 669.

■ The orders of the trial judge extending the time for filing, which were made after expiration of the time previously extended, were not nunc pro tunc orders and did not operate as proper extensions. Malek v. State, supra; Howard v. State, supra.

■ In the absence of a statement of facts which may be considered, we cannot pass upon the question of the sufficiency of the evidence or appellant's objections to the court's charge. Mobley v. State, supra.

There are no formal bills of exception, and the proceedings appear to be regular.

The judgment is affirmed.

Opinion approved by the court.

## ON APPELLANT'S MOTION FOR REHEARING

Appellant insists that the statement of facts was filed within the time properly extended by the trial judge and that it should be considered.

We have again examined the record in the light of such contention.

The record reflects that notice of appeal was given by appellant on January 15, 1964. Four orders were subsequently made by the trial judge, extending the time for filing the statement of facts. The first two orders were timely made and, when taken together, extended the time for filing to September 2, 1964. The third order was made on December 8, 1964, and by its terms extended the time for filing to April 15, 1965. The final order, dated April 14, 1965, extended the time for filing to May 15, 1965.

The statement of facts was filed with the clerk of the trial court on May 11, 1965, and, as shown in our original opinion, it was not approved by the trial judge but only by counsel for the state and the appellant.

In his brief on the motion for rehearing, appellant states that an order was signed and filed on September 1, 1964, which ex-

tended the time for filing the statement of facts to December 16, 1964.

No such order appears in the record before us.

The order of extension made on December 8, 1964, after expiration of the time previously extended to September 2, 1964, was ineffectual to further extend the time for filing. See: Malek v. State, supra, and Howard v. State, supra, cited in our original opinion.

The statement of facts—not having been filed with the clerk of the trial court within ninety days after the date notice of appeal was given, as required by Sec. 4 of Art. 759a. supra, or within the time properly extended by the trial judge, cannot be considered.

The motion for rehearing is overruled.

Opinion approved by the court.