Willie BIRDSONG, Appellant,

v.

The STATE of Texas, Appellee.

No. 38886.

Court of Criminal Appeals of Texas.

Jan. 12, 1966.

Rehearing Denied March 2, 1966.

Johns, Willard & Hannah, Beaumont, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

The offense is failure to stop and render aid; the punishment, five years.

█ The record reveals that appellant gave notice of appeal on March 22, 1965. On June 21, 1965, an order was filed extending the time for filing a statement of facts to 45 days after that date. The statement of facts was not filed until August 6, 1965, after the expiration of the 45-day extension granted by the trial court, and it is not approved by the trial judge. This Court therefore cannot consider the statement of facts. Article 759a, Vernon's Ann.C.C.P.; Hill v. State, Tex.Cr.App., 375 S.W.2d 306.

There are no formal bills of exception.

As nothing is presented for review, the judgment is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

MORRISON, Judge.

Counsel for appellant contend by brief that the statement of facts was in fact timely filed as of August 5, 1965, the last date for proper filing without the signature of the trial court, and that the file mark showing the date of filing as August 6, 1965, was defective due to an error on the appeals check list of the District Clerk.

█ Appended to appellant's brief we find two instruments. The first, denominated "Appeal check list in felony convictions", states in part:

"August 6, 1965  9.  Date statement of facts filed."

The second, a sworn affidavit of the District Clerk, states " * * *  I had noted upon the Appeal Check List that the date the Statement of Facts was due had been extended to August 6, 1965 thereby counting in error as said date should have been August 5, 1965."

If we were to consider these instruments as properly before us, it is clear that the clerk was not in error in counting August 5, 1965, as the 45th day of the extension granted by the trial court.

Remaining convinced that a proper disposition was made originally, appellant's motion for rehearing is overruled.