Joseph JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 39085.

Court of Criminal Appeals of Texas.

March 30, 1966.

Rehearing Denied May 18, 1966.

Brantley Pringle, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., Charles D. Butts, Asst. Dist. Atty., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is under Art. 802c, Vernon's Ann.P.C., for the offense of murder without malice; the punishment, two years.

The state's testimony shows that while the deceased (a young boy), and his eleven-year-old companion, Cecil James Tuck, were riding a bicycle in the 3700 block of Burnice Street in the city of Fort Worth shortly before 6 p. m., the bicycle was struck from the rear by a Buick automobile traveling in the same direction. In the collision, both boys were thrown from the bicycle and the deceased was killed. At the time of the collision, the bicycle—equipped with a rear reflector—was being ridden on the right side of the street and the point of impact was approximately two feet from the curb.

Cecil Tuck testified that he did not see who was driving the automobile but that after the collision he saw the appellant standing on the left side of the Buick and a woman standing on the right side.

Mrs. Josephine Taylor Townsend, the mother of Cecil James Tuck, testified that when she went to the scene of the collision and while the deceased was still lying under the car, appellant said, " 'I'm the one that hit this child.' "

Louis Perkins testified that when he went to the scene shortly after the accident, the appellant was trying to release the car off the deceased with a jack handle and that when he asked the appellant who the owner and driver of the car was, appellant said that he was the owner and that " * * * he was driving."

Officer G. H. Evans testified that when he arrived upon the scene shortly after 6 p. m. to investigate the accident, appellant was standing on the left side of the car; that when he inquired as to who the driver of the automobile was, Mr. Perkins came forward and stated that appellant was the driver. At such time, appellant identified himself as the owner of the automobile and did not deny that he was the driver. Later, after being taken to the hospital, appellant told Officer Evans that his female companion was driving the car. The officer further testified that at such time appellant had a strong odor of alcohol on his breath and that he staggered when he walked. The officer expressed his opinion that appellant was intoxicated at the time.

Officer R. R. Crawford, who also went to the scene and observed appellant, expressed his opinion that he was intoxicated.

It was further shown that a blood specimen taken from appellant after the accident —with his consent—upon being analyzed in the Fort Worth police department crime laboratory, was found to have an alcoholic content of .29%.

Lt. Finis L. Shiller, who made the test and analysis, testified that, based upon his knowledge, experience, and standards followed in his profession, such analysis indicated that the person from whom the blood was taken was intoxicated.

Testifying in his own behalf, appellant admitted ownership of the Buick automobile but denied that he was driving at the time of the collision. He swore that at the time of the accident his female companion, Betty Govan, was driving the automobile. In his testimony, he admitted having consumed some whisky prior to the collision but denied that he was drunk. He also denied having stated at the scene that he was the driver of the automobile and swore that he was only asked by Officer Evans if he was the owner—to which he replied that he was.

The jury by their verdict resolved the conflict in the testimony against appellant, and we find the evidence sufficient to sustain the judgment of conviction.

Appellant predicates his appeal upon three points of error.

Points one and two pertain to certain communications between the court and the jury relative to the testimony of Officer Evans and the witness Perkins which were made after the jury had retired to deliberate upon a verdict in the case.

In the first point it is insisted that in the communications the court gave additional instructions to the jury out of the presence of appellant and not in open court, in violation of Articles 676–679, Vernon's Ann.C.C.P. White v. State, 149 Tex.Cr.App. 419, 195 S.W.2d 141, is relied upon by appellant, which case held that the provisions of these articles are mandatory and that an instruction by the court to the jury which was not given in open court in the presence of the accused constituted reversible error.

In the second point, appellant insists that the court erred in failing to have read to the jury from the court reporter's notes that part of the witnesses' testimony in dispute, as required by Art. 678, supra.

The record reflects that after the jury retired to deliberate upon their verdict they sent a note to the court, saying:

" 'The Jury wants to see the transcript of Officer Evans' testimony.' "

In response, the court sent a note to the jury suggesting that if they were in disagreement as to the testimony of the witness they should indicate, and notify the court of, the particular point in dispute.

The jury then sent a communication to the court, saying:

" 'The question before the Jury is: "Did Officer Evans testify that the Defendant ever admitted to him that he, the Defendant, was driving the car?" * * * Some Jury Members recall that before leaving the scene, Jones did state that he was both owner and driver of the car. * * * Others do not recall this statement * * *.' "

Upon receiving this communication, a memorandum was dictated by appellant's counsel and sent to the jury, over the judge's signature, as follows:

" 'In answer to the above question, Counsel for both parties have agreed on the following answer: "Officer Evans testified that he asked the Defendant, twice, if the Defendant was the driver of the car, and Defendant replied that he, the Defendant, was the owner. Officer Evans testified that he asked who was the driver, and Louis Perkins identified the Defendant as the driver, in the presence of Defendant, and Defendant did not admit or deny such statement. Defendant told Officer Evans, on the way to the hospital, or at the hospital, that Betty Govan was the driver." ' "

Thereafter, while still deliberating, the jury sent the following communication to the court:

" '8:00 p. m. * * * From the testimony of the Witness Perkins: "Did Perkins testify that the Defendant ever did identify himself to Perkins, that he, Jones, was the driver? * * *" ' "

In response, the court sent the following communication to the jury:

" 'The answer to your question is Yes.' "

■ While appellant was not physically present in the judge's chambers when the court received and answered the communications from the jury, his counsel was present, and appellant was present in the courtroom. Under the record, we do not agree that the communications between the court and the jury present reversible error. Barber v. State, 158 Tex.Cr.R. 561, 258 S.W.2d 87; Lamkin v. State, 165 Tex.Cr.App. 11, 301 S.W.2d 922.

The court's action was nothing more than furnishing the jury with certain testimony of Officer Evans and the witness Perkins and was not an additional instruction. The memoranda furnished were accurate.

While the testimony was not read to the jury in open court, as provided by the statutes, there is no showing of injury to appellant as a result of such failure. In the absence of such showing, no reversible error is presented. Miller v. State, 128 Tex.Cr.R. 129, 79 S.W.2d 328.

It appears that the jury was furnished, in substance, with that portion of the witnesses' testimony on the particular point in dispute. No request was made by appellant that additional testimony be read or furnished to the jury. Points one and two are overruled.

By point of error three, appellant complains of the court's refusal to grant a new trial, upon the ground of newly discovered evidence.

 Such contention is not presented by a formal bill of exception and is not properly before this court for review. Young v. State, 156 Tex.Cr.R. 454, 243 S.W.2d 587; Caldwell v. State, Tex.Cr.App., 364 S.W.2d 242; Longoria v. State, Tex.Cr.App., 384 S.W.2d 877.

The judgment is affirmed.

Opinion approved by the Court.