**Charles HARDEN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40315.**

Court of Criminal Appeals of Texas.

May 3, 1967.

Rehearing Denied July 26, 1967.

[redacted]

John R. Lee, Kermit, for appellant.

A. R. Archer, Jr., Dist. Atty., Monahans, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

DICE, Judge.

Arson is the offense; the punishment, four years.

The indictment, drawn under Art. 1304 of the Vernon's Ann.Penal Code, alleged that

on or about the 31st day of May, 1965, the appellant did "unlawfully and wilfully burn a house * * * occupied by and in the possession of Tom Fletcher * * *."

At the trial, Fletcher, the prosecuting witness, testified that on the date alleged he operated a Kent service station in Ward County on the Grandfalls highway; that he maintained living quarters on the premises in an eight-by-fifty-foot trailer which, although equipped with wheels and tires on the hubs, was leveled and sitting on blocks. The trailer, consisting of a kitchen, living room, bath, and bedroom, was connected with sewer, water, and lights and had been occupied by the witness for seven months as a residence. The witness testified that on the night in question the appellant and Gene Summers came to his trailer house around 3 a. m. and wanted to buy some beer. He refused, and they left. Later they returned and "hollered about some more beer." He started to the door and was fired at twice by appellant with a pistol. Summers was heard to say to appellant: "Why don't you burn him out?" A noise was then heard at the gasoline pump and fifteen minutes later a bottle of gasoline with a rag burning therein was thrown into a window, setting the trailer house on fire and burning it "down." Appellant's car was then driven away.

The witness Eugene Summers, who the court instructed the jury was an accomplice, testified that on the night in question he and appellant went to the service station, at which time appellant asked the prosecuting witness, Fletcher, if his wife was there and that when Fletcher replied "no" appellant accused him of lying and they "started shooting at each other." The witness swore that he did not throw the bottle of gasoline in the trailer, but stated "I guess it was Charles. I didn't see him throw it in but I reckon it was [sic]."

Appellant did not testify or call any witnesses.

The issue of appellant's guilt or innocence was first submitted to the jury, and upon return of the jury's verdict of guilty appellant elected to have the same jury assess the punishment. Thereupon, a hearing was had on the question of punishment as provided by Art. 37.07, subd. 2 of the 1965 Code of Criminal Procedure.

Nineteen grounds of error are urged by appellant in his brief filed with the clerk of the trial court.

In his first nine grounds, appellant urges that the evidence is insufficient to support the conviction.

He first insists that there was a fatal variance between the pleading and the proof because the indictment charged the burning of a house, as defined in Art. 1305, V.A.P.C., of the general arson statutes, and the proof showed the burning of a "motor vehicle, or vehicle or trailer," as denounced by Art. 1318 of the Penal Code. It is insisted that since the two statutes define separate offenses and prescribe different penalties the conviction cannot stand because of such variance. In support of his contention, appellant cites the opinion of this court in Loftis v. State, 157 Tex.Cr.R. 569, 251 S.W.2d 411, wherein it was pointed out that the decision in Luce v. State, 128 Tex.Cr.R. 287, 81 S.W.2d 93—holding that a cabin mounted upon an automobile and used as a place of residence constituted a house within the meaning of the burglary statute—had been rendered ineffective by the enactment of Art. 1404b, V.A.P.C., creating the separate offense of burglary of a motor vehicle and affixing punishment less than and different from that prescribed to the offense of ordinary burglary.

■ We do not construe the Luce decision as authority for holding that a trailer house mounted on blocks, such as the one in the instant case, is not a house within the meaning of the arson statutes. We hold that the trailer house in question, which was being used by the prosecuting witness as a residence, was a house within the meaning of Art. 1305, supra, and not a motor vehicle

or trailer within the purview of Art. 1318, supra.

Nor do we agree with appellant's contention that the state's proof failed to show that the trailer house in question was a "house" within the definition of Art. 1305, supra, because it did not show that the structure was "enclosed with walls and covered." While the state did not specifically inquire whether the structure was enclosed with walls and covered, the proof did show that the trailer house had been used by the prosecuting witness for seven months as a residence and that it had a door and windows. We deem the proof sufficient to show that the structure was enclosed with walls and covered. To assume otherwise would be unrealistic.

In his grounds of error # 10 and # 11, appellant insists that the state failed to prove venue.

The prosecuting witness testified that he operated the Kent service station located "in Ward County, Texas," and that he maintained living quarters in the trailer on the premises. When asked where the service station was located with reference to Monahans, Texas (the county seat), the witness replied that it was on "Grandfalls Highway. * * * I think it's considered the 1700 block."

■ Venue need not be proved beyond a reasonable doubt but may be proved by circumstantial as well as direct evidence. It is held that venue is sufficiently proved if from the evidence the jury may conclude that the offense was committed in the county alleged. Rippee v. State, Tex.Cr. App., 384 S.W.2d 717. The evidence adduced was sufficient to warrant the jury's conclusion that the offense was committed in Ward County.

■ We overrule appellant's grounds of error #12 and #13, wherein he contends that his conviction cannot stand because the testimony of the accomplice witness, Summers, was not sufficiently corroborated.

The testimony of the prosecuting witness was corroborative of the accomplice's testimony and tended to connect appellant with the offense charged.

■ We also overrule appellant's grounds of error #14, #15, and #16, wherein he contends that the evidence fails to show that he set fire to the building. The testimony of the prosecuting witness and the accomplice, Summers, is sufficient to warrant the conclusion that he did. In this connection it should be noted that the court submitted the issue of appellant's guilt to the jury upon a charge on principals.

■ In his ground of error #17, appellant insists that the court erred in permitting the prosecuting witness to testify that he (appellant) fired the two shots at him because it constituted proof of an extraneous offense.

We perceive no error. Such testimony was admissible to establish appellant's ill-will toward the prosecuting witness, whose house was burned. 6 Tex.Jur.2d 218, Sec. 23.

■ Grounds of error #18 and #19 pertain to the court's instruction to the jury on the issue of punishment. It is first insisted that the court erred in refusing to grant a mistrial because the court, in informing the jury that appellant had elected that it assess the punishment, read to the jury that portion of Art. 37.07, subd. 2(b) of the 1965 Code of Criminal Procedure which reads as follows:

"Regardless of whether the punishment be assessed by the judge or the jury, evidence may be offered by the State and the defendant as to the prior criminal record of the defendant, his general reputation and his character."

Appellant insists that by such action he was not given an opportunity to object or request additional charges.

We perceive no injury to appellant, as evidence was then introduced on the issue

of punishment and a written charge given to the jury to which appellant was given an opportunity to object.

Error is also urged on the ground that the court misdirected the jury in instructing it to assess punishment in accordance with Art. 1314 of the Penal Code rather than the punishment prescribed in Art. 1318 of the Code.

No error is presented, as under the allegation in the indictment and the proof the prosecution was for arson by wilfully burning a house, as defined in Art. 1304, V.A.P.C., with punishment prescribed in Art. 1314, and not for arson under Art. 1318 by wilfully burning a motor vehicle or vehicle or trailer which was the property of another.

The judgment is affirmed.

## OPINION ON REHEARING

ONION, Judge.

In his motion for re-hearing, appellant vigorously attacks our conclusion that the evidence shows that the trailer house in question was mounted on blocks and leveled, and that the proof was sufficient to show that such structure was enclosed with walls and covered.

Appellant points out that the testimony of the witness Fletcher to the effect that the trailer house was mounted on blocks and leveled was given outside the presence of the jury. He is correct. Nevertheless, we observe that in the presence of the jury, Fletcher identified State's Exhibit No. One as appearing to be a photograph of his burned out trailer house. Thereafter, the statement of facts reveal the following:

"Q (By Mr. Archer) Now, assuming this is your trailer house, now, can you tell us, can you *show the Jury where the bedroom would be?*

A Yes, sir. Assuming this is my trailer house, it would be right past that partition there.

Q What partition?

A The one you can see in the picture there. This is the living room and dining area and there was a bedroom, bathroom and another bedroom.

Q All right, can you state, Tommy, where the fire was * * * It shows to be burned out, is that correct, right there?

A Yes, sir.

Q Where would the window have been?

A This deal, there is two plate glass windows *inside these frames.* The second one down toward the back was the one that it came through.

Q All right. What came through?

A A beer bottle full of gas with a rag stuck in it."

■ In absence of a timely objection, the display of the photograph before the jury and the elicitation of testimony concerning its features was tantamount to the introduction of the photograph and it could be properly considered as part of the evidence. Erwin v. State, 171 Tex.Cr.R. 323, 350 S.W.2d 199.

It is obvious from the above quoted portion of the record that the testimony relating to the photograph was elicited without objection, and it constituted evidence from which the jury could have concluded that the trailer house was a structure enclosed with walls and covered at the time of the offense.

It appears that the photograph, marked for identification as State's Exhibit No. One, was never *formally* offered and introduced into evidence nor brought forward in the record. It, however, has now been made available to this Court upon our request. Such photograph discloses that the trailer house in question was mounted on blocks and leveled and was enclosed with walls and covered. Appellant's contention is overruled.

Appellant still vigorously contends the evidence is insufficient for the jury to have concluded that the offense was committed in Ward County, Texas. In addition to what we said on original submission, we observe the evidence reflects that the Kent Service Station located in Ward County was situated one hundred yards south of the Interstate 20 bypass on the west side of the Grandfalls Highway, and that trailer house was "right behind" the said service station, and used the same meter for water and lights as the service station. We remained convinced of the correctness of our original ruling.

We further adhere to our holdings that the trailer house in question was a house within the meaning of Article 1307, V.A.P.C., and not a motor vehicle or trailer within the purview of Article 1318, V.A.P.C., and that the extraneous offense shown was admissible.

Appellant's motion for re-hearing is overruled.

## OPINION

MORRISON, Judge (dissenting in part).

I must, to be consistent with what I have said in the past, dissent to that portion of my Brother Onion's opinion in which he considers the picture which has never been filed or introduced in evidence in the trial court. Reference is made to the following cases: Selvidge v. State, 171 Tex.Cr.R. 140, 345 S.W.2d 523; Cunningham v. State, 172 Tex.Cr.R. 3, 353 S.W.2d 37; Hill v. State, Tex.Cr.App., 375 S.W.2d 306; Ex parte Seffens, Tex.Cr.App., 376 S.W.2d 348; Luna v. State, Tex.Cr.App., 387 S.W.2d 660; McDonald v. State, Tex.Cr.App., 385 S.W.2d 253; and Culbert v. State, Tex.Cr.App., 415 S.W.2d 646.

White v. State, Tex.Cr.App., 410 S.W.2d 440, can have no application to the case at bar, as it is limited only to those questions of constitutional dimensions.

I respectfully dissent to the above portion of the opinion.