TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00703-CR







Larry Eugene President, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT


NO. 43,893, HONORABLE RICK MORRIS, JUDGE PRESIDING







PER CURIAM


 Appellant and Frederick Hill were tried jointly for the aggravated robbery of
Kolawole Anthony Dunni, an Army sergeant stationed at Fort Hood. Tex. Penal Code Ann.
§ 29.03 (West 1994). (1) The jury acquitted Hill, but found appellant guilty and assessed
punishment at imprisonment for thirty-five years and a $5000 fine. We will affirm.

 Dunni testified that two men knocked on the door of his apartment on the night of
December 26, 1993, and asked to use the telephone. As Dunni directed them to a nearby pay
phone, the men forced their way into the apartment and pushed him to the floor. One of the men,
who Dunni identified as appellant, began to strike him on the head with a pistol. The second man,
identified by Dunni as Hill, moved around the apartment and demanded that Dunni tell him where
he kept his money. During the assault, Dunni saw a third man at the door of the apartment.

 After a few minutes, the second assailant said, "Let's go," and told appellant, "Kill
him." As Dunni attempted to push himself away, appellant shot him in the leg. The assailants
then fled. Seventy dollars in cash, a wrist watch, a camera, and other items were taken during
the robbery.

 Two days later, a search warrant was executed at the residence of Tyrone Harris's
mother. Harris was an acquaintance of appellant and Hill, and both men attended a party at the
Harris apartment on the night of the Dunni robbery. During the search, police seized a .45
caliber semiautomatic pistol. A firearms examiner determined that a shell casing found at Dunni's
apartment was fired from this pistol.

 Hill testified that Dunni was a marihuana dealer from whom he often made
purchases. Hill admitted going to Dunni's apartment on December 26, but said that he left after
buying marihuana for the party. According to Hill, appellant and another man entered Dunni's
apartment as he left. Hill denied any knowledge of or involvement in the robbery.

 Appellant also testified that he went to Dunni's apartment to purchase marihuana
for the party. Although appellant knew the apartment complex where Dunni lived, he did not
know Dunni's apartment number and sought help from a resident of the complex. Appellant
claimed that when he entered Dunni's apartment, he recognized Dunni as the man who shot him
during an incident in June 1993. Appellant began to strike Dunni, who fell to the floor. Dunni
retrieved a pistol from under the couch and the men began to struggle for control of the weapon. 
During the struggle, the pistol discharged twice. The first bullet grazed appellant's arm, while
the second struck Dunni in the leg. After the second shot, appellant took the pistol and ran from
the apartment. Appellant then went to the party at the Harris apartment, where he left the pistol.

 Appellant questions the legal and factual sufficiency of the evidence. In
determining the legal, or constitutional, sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all the evidence in the light most favorable to
the verdict, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154
(Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). When
conducting a factual sufficiency review, we do not view the evidence in the light most favorable
to the verdict. Instead, we consider all the evidence equally, including the testimony of defense
witnesses and the existence of alternative hypotheses. Orona v. State, 836 S.W.2d 319 (Tex.
App.--Austin 1992, no pet.). We will set aside a verdict for factual insufficiency only if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Stone v.
State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd as untimely filed).

 Appellant's challenge to the sufficiency of the evidence is based on the jury's
acquittal of Hill. The indictment alleged that the robbery was committed with the intent to obtain
and maintain control of money. Dunni testified that it was the second robber, not appellant, who
took the cash stolen during the robbery. In light of its verdict, the jury obviously was not
convinced that Hill was the second assailant. Appellant argues that because the jury concluded
that Hill and appellant were not co-conspirators, there is no evidence to support a finding that
appellant intended to obtain or maintain control of Dunni's money.

 There are at least two possible explanations for the jury's verdicts. The first is that
the jury believed that appellant acted alone. The second, more probable explanation is that the
jury was unpersuaded by the evidence identifying Hill as the second robber. In either case, the
acquittal of Hill is not inconsistent with a finding that appellant robbed Dunni with the intent to
steal his money. Viewing the evidence in the light most favorable to the verdict, there is ample
evidence from which the jury could conclude beyond a reasonable doubt that appellant, acting
alone or as a party with a second man, robbed Dunni at gunpoint, taking money and other
property. Moreover, the jury's verdict is not so contrary to the great weight of all the evidence
as to be clearly wrong or unjust. Points of error one and two are overruled.

 Appellant's next points of error relate to a videotape offered as rebuttal evidence
by the State. The videotape, which contains approximately one hour and twenty minutes of
material, was made by a person who attended the party at the Harris apartment on December 26. 
About one hour of the videotape is devoted to the party. In the party scenes, numerous people,
including appellant, are shown cooking and eating food, drinking beer, and smoking what appears
to be marihuana. At one point, appellant raises his sweatshirt to show an object in his waistband. 
This object could be a pistol, as the State contended, or a pager, as appellant contended.

 Appellant objected to the videotape "in its entirety" on the ground that it was
irrelevant or, alternatively, that any relevance was outweighed by the danger of unfair prejudice. 
Tex. R. Crim. Evid. 401, 403. The State responded that the videotape was admissible to show
appellant's appearance on the night of the robbery, to connect appellant and Hill with the
apartment where the pistol used in the robbery was found, and to rebut appellant's defensive
testimony. The district court overruled appellant's objections (and Hill's, which were essentially
identical), but stated that the ruling applied only to that portion of the videotape showing the party
scenes.

 We first address appellant's contention that the district court erred by overruling
his objections to the admission of the videotape. We agree with appellant that many of the party
scenes were irrelevant to this cause because appellant does not appear. We do not agree,
however, that the videotape was entirely irrelevant. Of particular relevance, we believe, was a
scene in which appellant, wearing a stocking cap similar to the one described by Dunni, laughs
and jokes for the camera and displays the object in his waistband. No injury to appellant's arm
is visible. A jury could reasonably conclude that appellant's appearance and demeanor were
inconsistent with his claim to have just come from a life-or-death struggle with Dunni during
which he was shot in the arm. This portion of the videotape was properly admitted to rebut
appellant's defensive testimony.

 When an exhibit contains both admissible and inadmissible material, the objection
must specifically refer to the material deemed objectionable. Brown v. State, 692 S.W.2d 497,
501 (Tex. Crim. App. 1985); Wintters v. State, 616 S.W.2d 197, 202 (Tex. Crim. App. 1981). 
If the objection is not specific, error is not preserved for review. Brown, 692 S.W.2d at 501;
Wintters, 616 S.W.2d at 202. Appellant objected to the entire videotape as irrelevant and unfairly
prejudicial. Because a portion of the videotape was admissible to rebut appellant's testimony,
appellant preserved no error for review. Point of error four is overruled.

 Appellant also complains that the videotape should not have been shown to the jury
because it was not admitted in evidence. The court viewed the videotape in camera after the State
offered it in evidence, then heard and overruled the defense objections. The jury was returned
to the courtroom and the prosecutor asked the court for permission to show that portion of the
videotape, marked as State's exhibit 18, "dealing with the location where [the pistol] was
recovered." The court responded, "Okay. You may proceed then." The videotape was then
shown to the jury.

 After both sides closed, counsel for appellant asked, "Our notes reflect . . . that
that tape was offered, but not admitted. Is that, is that correct?" The court replied, "My records
reflect that I allowed it to be played before the jury but I never actually admitted it in evidence." 
Defense counsel then asked that the videotape be admitted "for the purposes of the bill only." The
court did so. The prosecutor inquired, "Are you saying it wasn't offered for the purposes of the
record and the jury, Judge?" The court answered, "It was never admitted into evidence according
to my records." The prosecutor asked permission to reopen for the purpose of admitting the
videotape for all purposes, but withdrew the motion after appellant objected.

 We are not cited to authority holding that some particular formality is required for
admission of an exhibit. The videotape was offered in evidence by the State, defense objections
to its admissibility were overruled, and the tape was shown to the jury without any objection that
the exhibit had not been formally introduced. The conduct of the court and the parties clearly had
the effect of admitting in evidence that portion of the videotape shown to the jury. Heberling v.
State, 834 S.W.2d 350, 355-56 (Tex. Crim. App. 1992) (where cocaine was marked as exhibit
and shown to jury, but not "technically" introduced, it could properly be considered as evidence);
Harden v. State, 417 S.W.2d 170, 174 (Tex. Crim. App. 1967) (opinion on rehearing) (display
of photograph before jury without objection was tantamount to introduction in evidence). 
Moreover, when appellant later raised this issue, he sought no relief from the district court other
than to request that the tape be admitted for "the bill." See Tex. R. App. P. 52(a); Tex. R. Crim.
Evid. 103(a) (must secure adverse ruling to preserve error). Point of error three is overruled.

 In his fifth point of error, appellant contends the district court erred by permitting
the State to recall him as a witness after the defense rested at the guilt/innocence phase. As
previously noted, appellant testified during this phase of the trial. Appellant was cross-examined
by the State at that time. Later, during its rebuttal, the State was permitted to recall appellant for
further cross-examination. Appellant contends that compelling him to return to the witness stand
violated his constitutional privilege against self-incrimination.

 A defendant who voluntarily testifies at the guilt/innocence phase of trial waives
his privilege against self-incrimination at that phase, and is subject to cross-examination in the
same manner as any other witness. Bryan v. State, 837 S.W.2d 637, 643 (Tex. Crim. App.
1992). The mode and order of interrogating witnesses is committed to the discretion of the trial
court. Tex. R. Crim. Evid. 610(a). It has been held repeatedly that after testifying on his own
behalf, a defendant may be recalled by the State for further cross-examination. Brumfield v. State,
445 S.W.2d 732, 736 (Tex. Crim. App. 1969) (collecting cases). Point of error five is overruled.

 Next, appellant contends the district court should have granted his motion for
mistrial when a juror saw him outside the courtroom being escorted by a deputy sheriff. After
a recess, defense counsel informed the court that "we have been advised by our client that as he
was being escorted back by the Sheriff's deputy to the back where they are held in breaks, that
a juror, a lady in a red dress, viewed him with the Sheriff's deputy." Appellant complained that
this violated the presumption of innocence and asked for a mistrial, which was denied.

 Appellant made no effort to establish for the record, either at the time he requested
the mistrial or by means of a motion for new trial, that the juror actually saw appellant in the
company of the deputy. Further, it is neither alleged nor shown that appellant was physically
restrained in any fashion during the recess. On this record, the district court did not abuse its
discretion by refusing to declare a mistrial. Appellant also urges under this point of error that the
court should have instructed the jury to draw no inference of guilt from this incident. No such
instruction was requested. Point of error six is overruled.

 By his ninth point of error, appellant multifariously contends the district court erred
at the punishment phase by permitting testimony regarding an unadjudicated offense. Tex. Code
Crim. Proc. Ann. art. 37.07, § 3(a) (West Supp. 1996). Jennifer Gray, an employee of a video
rental store in Killeen, testified that on November 10, 1993, appellant and another man entered
the store and robbed her and a coworker at gunpoint. Over $9000 in cash was taken in the
robbery, during which Gray and the other victim were kicked and beaten.

 Appellant first argues that Gray's testimony should not have been admitted because
the State failed to show beyond a reasonable doubt that this extraneous offense was committed in
Bell County. Article 37.07, section 3 requires that unadjudicated offenses offered as punishment
evidence be proved beyond a reasonable doubt. Venue is not, however, an element of an offense. 
Fairfield v. State, 610 S.W.2d 771, 779 (Tex. Crim. App. 1981). Further, the statute does not
restrict the proof of unadjudicated offenses to those committed in the county of trial. Finally, the
State did prove that the unadjudicated robbery was committed in Bell County. Gray testified that
the video store is located in Killeen, and a police officer testified that Killeen is in Bell County.

 Appellant also complains that the district court erred by refusing to make a
preliminary determination regarding the adequacy of the State's proof before allowing the jury to
hear Gray's testimony. Article 37.07, section 3 does not specify whether the sufficiency of
unadjudicated offense evidence is a question of law for the court, a question of fact for the jury,
or both. See Harrell v. State, 884 S.W.2d 154 (Tex. Crim. App. 1994) (discussing standard for
determining admissibility of extraneous offense evidence under Tex. R. Crim. Evid. 404(b)). 
Since we have already determined that the proof was adequate under the statute, any error was
harmless beyond a reasonable doubt. Tex. R. App. P. 81(b)(2).

 Appellant's last complaint under this point of error is that the State failed to give
notice of its intention to introduce evidence of the unadjudicated robbery. Art. 37.07, § 3(g). 
Appellant did not object to Gray's testimony on this ground, however, and there is no evidence
to support appellant's claim that he did not receive notice. Tex. R. App. P. 52(a). Point of error
nine is overruled.

 In point of error seven, appellant urges that the prosecutor engaged in improper
jury argument at the guilt/innocence phase. Appellant first complains that the prosecutor
improperly attacked defense counsel when he characterized them as "spin doctors for a couple of
scorpions" who had "laid out rabbit trails throughout this trial," and urged the jury not to "get
stung by the gourmet treat they're going to try to serve you." Appellant also asserts that the
prosecutor made "improper references" to the defendants when he called them "some of the most
dangerous people that you're going to see in this county in a long time" and "bald-faced liars"
who sought to "hoodwink" the jury by their testimony. Appellant did not object to any of these
remarks, which were not so unfairly prejudicial as to be incurable by an instruction to disregard. 
Thus, any error was waived. Borgen v. State, 672 S.W.2d 456, 457-58 (Tex. Crim. App. 1984).

 Appellant did object to "the characterization" when the prosecutor called appellant
and his friends "a dangerous evil group. You've got the ring leader sitting right over there in the
striped shirt who thinks he can tell a good story." In light of appellant's own testimony admitting
his involvement in two previous shootings, his marihuana usage, and his conviction for
unauthorized use of a vehicle, we believe that this argument was a reasonable inference and a
legitimate comment on appellant's credibility. Point of error seven is overruled.

 The prosecutor's argument at the punishment stage is the subject of appellant's
eighth point of error. Referring to appellant's claim that Dunni had shot at him six months before
the charged offense, the prosecutor said, "The only big surprise in this case was the fact that they
didn't ask Jennifer [Gray, the victim of the unadjudicated robbery] if she blacked herself all up
with shoe polish back last June and maybe chased him down the street to shoot him." Appellant's
objection that this was outside the record was overruled, but the court nevertheless instructed the
jury that "what the lawyers say, either side, is not evidence in the case. . . . [I]t's your
recollection of the evidence and the testimony that will control in this case." Appellant now
argues that the prosecutor's remark was "improper, ridiculing, and prejudicial." This contention
does not comport with his trial objection, which we find was adequately dealt with by the court's
instruction to the jury. Long v. State, 823 S.W.2d 259, 267 (Tex. Crim. App. 1991).

 Finally, appellant contends the prosecutor improperly argued that appellant made
his living by robbery when he argued:


 I want to send a message to not only the people in the community, hopefully
you will by your verdict, but I hope the message gets to Tyrone Harris, Dion
Alexander, Carlos Manning, his groupies. I guess you know now where they get
the money to party all of the time and why they don't have to work.



Manning was appellant's accomplice in the robbery at the video store. Harris and Alexander were
friends of appellant who attended the party at Harris's mother's apartment. Appellant's objection
was overruled, after which the prosecutor added, "$10,000 in November when they robbed and
terrorized two men [sic]."

 Appellant relies on the opinion in Walker v. State, 664 S.W.2d 338 (Tex. Crim.
App. 1984). In that case, a prosecution for burglary, the prosecutor argued, "This is what he
does for a living, Ladies and Gentlemen. This is his job. He's getting up and going to work, all
right, after you do." The Court of Criminal Appeals concluded that the trial court reversibly
erred by overruling the defendant's objection that this argument was outside the record, noting
that there was no evidence that the defendant supported himself through burglary. To the
contrary, the record showed that the defendant was employed in two legitimate jobs.

 The prosecutor in this cause did not state that appellant made his living by robbery. 
Even if such a meaning is given to the challenged remark, there is no evidence that appellant was
legitimately employed and thus the statement was not, as it was in Walker, contradicted by the
record. In light of the evidence regarding appellant's participation in two robberies in which over
$9000 was stolen, the prosecutor could reasonably infer that the marihuana appellant admitted
buying for the party was purchased with stolen money. Point of error eight is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed

Filed: January 17, 1996

Do Not Publish

1.   The present version of section 29.03 is substantively identical to the version in effect at
the time of this offense.


ght to "hoodwink" the jury by their testimony. Appellant did not object to any of these
remarks, which were not so unfairly prejudicial as to be incurable by an instruction to disregard. 
Thus, any error was waived. Borgen v. State, 672 S.W.2d 456, 457-58 (Tex. Crim. App. 1984).

 Appellant did object to "the characterization" when the prosecutor called appellant
and his friends "a dangerous evil group. You've got the ring leader sitting right over there in the
striped shi