# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00107-CR

**Javier M. Lozano, Sr., Appellant**

**v.**

**State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY 368TH JUDICIAL DISTRICT NO. 12-1802-K277, HONORABLE RICK J. KENNON, JUDGE PRESIDING

## D I S S E N T I N G   O P I N I O N

It is well established that reviewing courts can assess only evidence that was actually before the trial court at the time of its ruling and that is included in the appellate record. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). As the majority explains, and I agree, it is incumbent upon the appellant to ensure that evidence is included in the appellate record. However, the majority goes on to conclude that because the appellant in this case failed to request or offer the PSI report as an exhibit before the trial court, the appellant cannot now claim that the report was omitted from the reporter's record and, consequently, cannot request that the appellate record be supplemented to include it. In other words, according to the majority, there can be no dispute as to the accuracy or completeness of the reporter's record with regard to the PSI report because it is undisputed that the report was not formally offered or admitted into evidence. The majority's reasoning is based on the assumption that only documents and items that are formally

offered and introduced into evidence before the trial court can be made part of the appellate record. Because this assumption is incorrect, I respectfully dissent.

As the Texas Court of Criminal Appeals has explained, "[s]ometimes the parties may treat an exhibit, document, or other material as if those items had been admitted into evidence, even though they were never formally offered or admitted in the trial court." *Id*. at 673. The use of an exhibit, document, or other item at trial, in the absence of a timely objection, may properly be considered as part of the evidence. *Id*. at 673-74 (quoting *Harden v. State*, 417 S.W.2d 170, 174 (Tex. Crim. App. 1967) (op. on reh'g)); *see Brewer v. State*, No. 1270-03, 2004 WL 3093224, at *4 (Tex. Crim. App. May 19, 2004) (not designated for publication) (concluding that PSI report was "the equivalent of a properly admitted exhibit" where "everyone referred to the PSI and its contents" and "acted as if it were evidence"). If an item is treated by the court and the parties as if it were formally introduced into evidence, and it is considered by the judge and jury at proceedings on the merits as evidence, the item may be included in the appellate record and considered by the appellate court. *Amador*, 221 S.W.3d at 674.

The majority also explains that the PSI report is "confidential" by law, is not required to be made part of the appellate record, and is not normally included in that record. I agree that the there is nothing *requiring* that the PSI report be made part of the appellate record or even that the report be formally admitted into evidence in order for a trial court to consider it. However, several Texas courts have recognized that when the trial court relies upon the contents of the PSI report and the contents are relevant on appeal, the report *may* be made part of the appellate record, despite the fact that the report was not formally offered or admitted. *See Brewer*, 2004 WL 3093224, at *4

2

(explaining that although PSI reports are not normally included in appellate record, "when the trial judge reviews and relies upon the unobjected-to contents of a PSI, appellate courts must be able to review the judicially noticed content of those reports"); *Rodriguez v. State*, 71 S.W.3d 778, 780 (Tex. App.—Texarkana 2002, no pet.) (citing rules 34.5 and 34.6 of the Texas Rules of Appellate Procedure and concluding that "[t]here is no question of [the appellate court's] authority in this case to order the record supplemented with the PSI report"); *Ruffin v. State*, 3 S.W.3d 140, 145 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd) (court of appeals ordered appellate record supplemented with PSI report despite fact that it was not offered or objected to at trial); *see also Diaz v. State*, No. 11-10-00381-CR, 2012 WL 2978786, at *3 (Tex. App.—Eastland July 19, 2012, no pet.) (mem. op., not designated for publication) (recognizing that defense counsel could have taken steps to have PSI report included as part of appellate record by designating it for inclusion). Of course, the confidentiality of the report is maintained when the PSI report is filed as a sealed document.

Here, Lozano requests that the reporter's record be supplemented with a sealed copy of the PSI report because the trial court considered the report and it is relevant to his issues on appeal. Based on the record before us, I would conclude that the report was in fact considered by the trial court without objection at Lozano's sentencing hearing and that the contents of the report appear to be the basis for the trial court's decision to stack Lozano's sentences. Lozano now claims, in his primary issue on appeal, that the trial court's stacking of his sentences constituted cruel and unusual punishment under the U.S. Constitution.

When Lozano asked the court reporter to supplement the record with the PSI report, subject to a sealing order, the reporter informed him that the document had not been marked as an exhibit at trial and therefore was not included in the reporter's record. Based on the information provided by Lozano, there appears to be a dispute as to the accuracy and completeness of the reporter's record with regard to the PSI report. In this situation, the appropriate course of action is to abate this appeal and remand the cause to the trial court so that it can decide whether the report should be included in the appellate record and, if so, to what extent. *See* Tex. R. App. P. 34.6(e) (providing that appellate court may submit disputes about accuracy of reporter's record to trial court for resolution); *see also Amador*, 221 S.W.3d at 677 (explaining that under Rule 34.6, trial court is to resolve any dispute over what items are missing from appellate record).

A sufficiently complete and accurate record is necessary to secure a criminal appellant's right to due process. *See Mayer v. City of Chicago*, 404 U.S. 189, 193-95 (1971); *see also Revell v. State*, No. 10-06-00137-CR, 2007 Tex. App. LEXIS 10184, at *2 (Tex. App.—Waco Sept. 26, 2007, abatement order) (not designated for publication) ("It is beyond question that an accurate record is essential to secure a criminal appellant's right to due process."). The majority has refused Lozano the opportunity to have the trial court determine whether the PSI report, in whole or in part, was "seen by, used by, or considered by the trial judge" and thus should be included in the appellate record, subject to sealing. *See Amador*, 221 S.W.3d at 667 (explaining that Rule 34.6 "ensures that the record on appeal accurately reflects all of the evidence that was seen by, used by, or considered by the trial judge at the time he made a ruling"). As a result, I respectfully dissent.

4

_____

Scott K. Field, Justice

Before Justices Puryear, Goodwin, and Field

Filed:   July 22, 2014

Do Not Publish