## J. E. Miller and Ozer Breaux v. The State.

No. 17138.  Delivered January 16, 1935.
Rehearing Denied February 27, 1935.

The opinion states the case.

*John H. Benckenstein,* and *E. C. Carrington, Jr.,* both of Beaumont, for appellants.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellants were tried and convicted of the theft of cattle, and their punishment was assessed at confinement in the State penitentiary for a term of two years. The record discloses that on or about the 27th day of December, A. D. 1933, three head of cattle were taken from the possession of J. C. Tammen in Jefferson County, Texas. These cattle were taken without his consent. About three months later the three head of cattle were located in W. Richards' pasture. He had traded a 1928 Model Chevrolet coach to the appellants for said three head of cattle. The cattle were identified by Mr. Tammen as his cattle which were taken out of his pasture about December 27, 1933. The appellants did not testify.

By bill of exception No. 1 the appellants complain of the action of the trial court in not permitting them to prove that the alleged owner of the cattle at the time they were taken had them on premises which he had leased; that the lease money had not been paid to the lessor and that by reason of which the lessor had a lien on the cattle and a special ownership therein, which constituted a variance with the allegations in the indictment. In case of theft the ownership may be alleged to be in the actual owner or in the person who has the care, control, and possession of the property. See Frazier v. State, 18 Texas App., 434, where this question is fully discussed.

By bill of exception No. 2 the appellants complain of the action of the trial court in permitting the State to introduce a transcript of the testimony of Aladin Miller given in the examining trial in a case styled and numbered on the docket of the Justice Court of Precinct No. 1 in and for Jefferson County, Texas, as follows: "The State of Texas v. J. E. Miller and O. Breaux, No. 4301," wherein the appellants were charged with the theft of cattle from J. C. Tammen. The bill discloses that at said examining trial the State was represented by the county attorney and the appellants by Mr. Benckenstein, who represented the appellants upon the trial of this case. The bill further discloses that prior to the introduction of said testimony the State proved that said witness was beyond the jurisdiction of the court, that he was in the State of Louisiana. Under the circumstances this testimony was admissible. See Branch's Ann. P. C. sec. 76.

By bill of exception No. 3 the appellants complain of the action of the trial court in not permitting them to introduce as evidence a certified copy of a judgment of conviction of one

Aladin Miller in the District Court of the 14th Judicial District in and for the Parish of Calcasieu in the State of Louisiana in a case styled and numbered as follows: "State of Louisiana v. Aladin Miller, No. 349." The bill fails to disclose that the said Miller who was convicted in said court and the witness Aladin Miller, whose testimony was introduced, were one and the same person. Hence the bill of exception fails to reflect any error.

By bill of exception No. 4 the appellants complain of the action of the trial court in not granting them a continuance after they had gone to trial and after the State had introduced its testimony and after appellants had offered the greater part of their testimony on the ground that one witness by the name of Falls was not in attendance at court; that they had applied for and obtained an attachment for said witness before announcing ready for trial. It occurs to us that no error was committed by the trial court in not granting a continuance at that stage of the trial. If the appellants did not wish to go to trial without the testimony of said winess, they should have applied for a continuance before announcing ready.

By bills of exception Nos. 5 and 6 the appellants complain of the opening and closing argument of the district attorney. We have examined said bills of exception and reached the conclusion that the same do not reflect any error.

By bill of exception No. 7 the appellants complain of the action of the trial court who, at the request of the jury after the jury had retired to consider their verdict, sent the transcript of the testimony of Aladin Miller into the jury room, to which the appellants objected because the jury should have been brought into open court and the same should have been given to the jury in open court. It occurs to us that under Art. 678, C. C. P., the jury if they disagreed as to any statement of the witness, could apply to the court to have such witness recalled and have him repeat his testimony on the disputed point, or in case he was not available to have his testimony reproduced by the court reporter. While the matter may not have been exactly regular, yet no injury is shown to have resulted to the appellant. If the court had brought the jury into the court room and the testimony had been read to them by the reporter, such action would have been in compliance with Art. 678, C. C. P. The mere fact that the court at the request of the jury permitted the transcript to go into the jury room to be read by the jury themselves would in and of itself not be reversible error unless the appellants could show some

**132**

injury to themselves by said action of the court. No injury being shown as a result of such action, it occurs to us that the bill of exception fails to show such error as would require a reversal of this case.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Responding to appellant's motion, we have again carefully examined the record. That the owner of a pasture in which were cattle for whose pasturing he was receiving monthly money rent,—would not ipso facto sustain any relationship of owner to the cattle such as would make it necessary to allege ownership of such cattle in him in case of theft thereof,—seems obvious.

The bills of exception to the introduction of the reproduced testimony of Aladin Miller, as given upon an examining trial of these appellants at a former time, sets out only lenghty objections of appellants, none of which are certified by the trial court as in fact true. No testimony as to other pending indictments, other than the one involved in this case, was introduced, and none of the cattle referred to in said reproduced testimony appear not be those whose theft forms the subject of this prosecution. There are complaints of our disposition of other bills of exception, all of which have been examined and none of which are deemed to have merit.

No error being observed in our disposition of the case, the motion for rehearing is overruled.

*Overruled.*