**Affirmed and Majority and Dissenting Opinions filed November 26, 2019.**



**In the**

# Fourteenth Court of Appeals

## NO. 14-18-00162-CR

**VINCENT DEPAUL STREDIC, Appellant**

**v.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 177th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1530454**

## DISSENTING OPINION

As judges, we often say our job is to follow the law. Here, over appellant's objection, the trial judge did not follow the law. Because this court concludes that the error was harmless, this court effectively becomes a "super legislator" and nullifies a provision of the Code of Criminal Procedure by holding there is no remedy for this trial judge's failure to follow the law.

This case reaches far beyond this individual appellant. It reaches into the process of the jury's deliberations, and it alters how the jury receives evidence. It

reaches and disturbs the delicate balance between the trial judge who must not comment on the evidence and the jury which must discharge its responsibility to deliberate on that evidence. It reaches the independent duty of the trial judge to know and follow legislatively mandated criminal procedure. It reaches a defendant's right to have the trial judge follow that procedure and calls into question whether the Texas Rules of Appellate Procedure can abridge, enlarge, or modify the substantive rights of a litigant in the absence of express waiver.[1] It reaches the question whether a reviewing court can perform a traditional harm analysis when the trial judge, as the gatekeeper of the evidence, permits written testimony not allowed by statute to invade the province of the jury.

This is anything but some minor criminal case. This is about how the legislature instructs the courts to give evidence to the jury. This court seemingly acts like it does not matter whether the jury receives evidence delivered from the witness stand orally or in writing. I am not qualified as an expert to explain the process of how individual jurors hear and remember oral testimony versus also having a written transcription of that testimony during jury deliberations, but I know enough to understand that it most certainly makes a difference. However, my thoughts on that are irrelevant. Our system is that the jury has the responsibility to listen to the testimony as spoken by the witness on the stand and remember that testimony as best it can. And ever since the legislature adopted the Old Code in 1856, it has been the law that when such testimony is in dispute, the trial judge only can allow the jury to receive it again in oral form.[2] Even as courtroom technology has advanced over time,

---

[1] *See* Tex. Gov't Code Ann. § 22.108(a).

[2] 1856 Code of Criminal Procedure, 6th Leg., Adj. S., § 1, art. 615, 1856 Tex. Crim. Stat. 4, 117 ("If the Jury disagree as to the statement of any particular witness, they may, upon applying to the Court, have such witness again brought upon the stand, and he shall be directed by the Judge to detail his testimony in respect to the particular point of disagreement, and no other; and he shall be further instructed to make his statement in the language used upon his examination as nearly as

he can."), *recodified and repealed by* 1879 Penal Code and Code of Criminal Procedure, 16th Leg., R.S., § 2, art. 697, § 3, 1879 Tex. Crim. Stat. n.p. (Penal Code pagination; act adopting both codes—as well as Revised Civil Statutes—is published as separate volume from session laws; section 1 of act is Penal Code, section 2 is Code of Criminal Procedure, and section 3 is repealer; *see* Act approved Apr. 26, 1879, 16th Leg., R.S., ch. 151, 1879 Tex. Gen. Laws 166), n.p. (Code of Criminal Procedure pagination), 83 ("If the jury disagree as to the statement of any particular witness, they may, upon applying to the court, have such witness again brought upon the stand, and he shall be directed by the judge to detail his testimony to the particular point of disagreement, and no other, and he shall be further instructed to make his statement in the language used upon his examination as nearly as he can."), 157 (repealer), *recodified and repealed by* 1895 Penal Code and Code of Criminal Procedure, 24th Leg., R.S., § 2, art. 735, § 3, 1895 Tex. Crim. Stat. 2 (Penal Code), 2 (Code of Criminal Procedure), 102 ("If the jury disagree as to the statement of any particular witness, they may, upon applying to the court, have such witness again brought upon the stand, and he shall be directed by the judge to detail his testimony to the particular point of disagreement, and no other, and he shall be further instructed to make his statement in the language used in his examination as nearly as he can."), 182 (repealer), *recodified by* 1911 Penal Code and Code of Criminal Procedure, 24th Leg., R.S., § 2, art. 755, § 3, 1911 Tex. Crim. Stat. n.p. (Penal Code), n.p. (Code of Criminal Procedure), 220 ("If the jury disagree as to the statement of any particular witness, they may, upon applying to the court, have such witness again brought upon the stand; and he shall be directed by the judge to detail his testimony to the particular point of disagreement, and no other, and he shall be further instructed to make his statement in the language used in his examination as nearly as he can.") (no repealer of 1895 Code of Criminal Procedure; *see Berry v. State,* 156 S.W. 626, 635 (Tex. Crim. App. 1913)), *recodified and repealed by* 1925 Penal Code and Code of Criminal Procedure, 39th Leg., R.S., § 2, art. 678, § 3, art. 1, 1925 Tex. Crim. Stat. 2 (Penal Code), 2 (Code of Criminal Procedure), 104 ("If the jury disagree as to the statement of any witness, they may, upon applying to the court, have such witness recalled, and the judge shall direct him to repeat his testimony as to the point in dispute, and no other, and as nearly as he can in the language he used on the trial."), 181 (repealer for both 1895 and 1911), *amended by* Act of May 19, 1953, 53d Leg., R.S., ch. 373, § 1, 1953 Tex. Gen. Laws 906, 906–07 ("In the trial of any criminal case in any District Court, Criminal District Court, or County Court, County Criminal Court, or County Court at Law, of this State, if the jury disagree as to the statement of any witness they may, upon applying to the court, have read to them from the court reporter's notes that part of such witness's testimony on the particular point in dispute, and no other; but if there be no such reporter, or if his notes cannot be read to the jury, the court may cause such witness to be again brought upon the stand and the Judge shall direct him to repeat his testimony as to the point in dispute, and no other, as nearly as he can in the language used on the trial."), *recodified and repealed by* 1965 Code of Criminal Procedure of the State of Texas, 59th Leg., R.S., ch. 722, § 1, arts. 36.28, 54.02, secs.1(a), 2, [2] 1965 Tex. Gen. Laws 317, 459 ("In the trial of a criminal case in a court of record, if the jury disagree as to the statement of any witness they may, upon applying to the court, have read to them from the court reporter's notes that part of such witness testimony or the particular point in dispute, and no other; but if there be no such reporter, or if his notes cannot be read to the jury, the court may cause such witness to be again brought upon the stand and the judge shall direct him to repeat his testimony as to the point in dispute, and no other, as nearly as lie can in the language used on the trial."), 563 (repealer).

and the legislature in the 1950s amended the predecessor statute to account for the availability of court reporter's notes, the legislature did not change that the trial judge only can permit the jury to rehear disputed witness testimony, whether by oral readback of notes or by the witness herself recreating her testimony on the stand.

With minimal analysis, this court primarily relies on a 1935 Court of Criminal Appeals case that does not control for several reasons: *Miller v. State*, 79 S.W.2d 328 (Tex. Crim. App. 1935). *Miller* involved a bill-of-exception procedure that no longer exists.[3] There is no discussion of error preservation of any statutory violation.

---

[3] The original bill-of-exception procedure was a since-repealed procedural requirement to cumulate alleged trial-court error for review by the Court of Criminal Appeals. 1925 Penal Code and Code of Criminal Procedure, 39th Leg., R.S., § 2, art. 667 ("Bill of exceptions.—The defendant, by himself or counsel, may tender his bill of exceptions to any decision, opinion, order or charge of the court or other proceedings in the case; and the judge shall sign such bill of exceptions, under the rules prescribed in civil suits, in order that such decision, opinion, order or charge may be revised upon appeal."), 1925 Tex. Crim. Stat. 2 (Penal Code), 2 (Code of Criminal Procedure), 102, *amended by* Act of May 25, 1953, 53d Leg., R.S., ch. 254, § 1, art. 667, 1953 Tex. Gen. Laws 670, 670 ("The defendant, by himself or counsel, may tender his bills of exception to any decision, opinion, order or charge of the court or other proceedings in the case; and the Judge shall sign such bills of exception, under the rules prescribed in civil suits, in order that such decision, opinion, order, or charge may be revised upon appeal. The bills of exception may be in narrative form or by questions and answers, and no particular form of words shall be required. Where the matter about which complaint is made and the trial court's ruling thereon reasonably appear from any formal or informal bill of exception, same shall be considered upon appeal, regardless of whether or not the bill of exception is multifarious or relates to more than one subject, complaint, or objection. Where the argument of State's counsel about which complaint is made in a bill of exception is manifestly improper, or violates some mandatory statute, or some new fact is thereby injected into the case, it shall not be necessary that the bill of exception negative that the argument was not invited, or in reply to argument of defendant or his counsel, or any other fact by which the argument complained of may have been authorized. If such matters exist, the trial court by qualification or otherwise, may require the bill of exception to reflect any reason whereby the argument complained of would not be error."), *recodified and repealed by* 1965 Code of Criminal Procedure of the State of Texas, 59th Leg., R.S., ch. 722, § 1, arts. 36.20 (codification) ("Bill of exceptions The defendant, by himself, or counsel, may tender his bills of exceptions to any decision, opinion, order or charge of the court or other proceedings in the case; and the judge shall sign such bills of exceptions, under the rules prescribed in Article 40.10. The bills of exception may be in narrative form or by questions and answers, and no particular form of words shall be required. Where the matter about which complaint is made and the trial court's ruling thereon reasonably appear from any formal or informal bill of exception, same shall be considered upon appeal, regardless of whether or not the bill of exception is multifarious or relates to more than

Indeed, the *Miller* court appears to on its own raise 1925 Code of Criminal Procedure article 678, a predecessor statute to article 36.28. *See* 79 S.W.2d at 330. *Miller* long predated *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993), in which the Court of Criminal Appeals outlined the three classifications of rules contained in the Texas criminal adjudicatory system: (1) absolute requirements and prohibitions; (2) rights of litigants which must be implemented by the system unless expressly waived; and (3) rights of litigants which are to be implemented upon request. *Miller*'s discussion of harm consisted of a conclusory determination that the defendants had not met their burden to show "some injury to themselves by said

---

one subject, complaint, or objection. Where the argument of State's counsel about which complaint is made in a bill of exception is manifestly improper, or violates some mandatory statute, or some new fact is thereby injected into the case, it shall not be necessary that the bill of exception negative that the argument was not invited, or in reply to argument of defendant or his counsel, or any other fact by which the argument complained of may have been authorized. If such matters exist, the trial court by qualification or otherwise, may require the bill of exception to reflect any reason whereby the argument complained of would not be error. The transcription of any evidence, testimony, or argument of State's counsel, with the objections made to such evidence, testimony, or argument, shall constitute an acceptable bill of exceptions under this Code."), 54.02, secs. 1(a), 2 (repealer), [2] 1965 Tex. Gen. Laws 317, 458, (recodification), 563 (repealer), *repealed by* Tex. R. App. P. 52, 11 Tex. Reg. 1939, 1998, 49 Tex. B.J. 558, 573 (Tex. Crim. App. Apr. 10, 1986, eff. Sept. 1, 1986); *see* Act of May 27, 1985, 69th Leg., R.S., ch. 685, § 4, 1985 Tex. Gen. Laws 2472, 2472–73 (authorizing promulgation of Texas Rules of Appellate Procedure and repeal of portions of Code of Criminal Procedure). Both former Texas Rule of Appellate Procedure 52(a) (Tex. & Crim. App. 1986) and current Texas Rule of Appellate Procedure 33.1(c) (Tex. & Tex. Crim. App. 1997) abolish formal exceptions to trial court rulings or orders.

A second form of bill-of-exception procedure appeared in the 1950s with the "new statement of facts" (what is now the "reporter's record") in criminal proceedings: Act of June 6, 1951, 52d Leg., R.S., ch. 465, § 2, 1951 Tex. Gen. Laws 819, 820, *amended by* Act of May 25, 1953, 53d Leg., R.S., ch. 254, § 1, art. 759A, 1953 Tex. Gen. Laws 670, 671, *codified and repealed by* 1965 Code of Criminal Procedure of the State of Texas, 59th Leg., R.S., ch. 722, § 1, arts. 40.09(6), 54.02, § 1(a), [2] 1965 Tex. Gen. Laws 317, 478, 479–81 (codification), 563 (repealer), *amended by* Act of May 19, 1967, 60th Leg., R.S. ch. 659, § 27, art. 40.09(6), 1967 Tex. Gen. Laws 1732, 1742–43, *repealed by* Tex. R. App. P. 52(c), 11 Tex. Reg. 1939, 1998, 49 Tex. B.J. 558, 573, 593 (Tex. Crim. App. Apr. 10, 1986, eff. Sept. 1, 1986). The formal bill of exception survives today as Texas Rule of Appellate Procedure 33.2, which is the successor to the former 1986 Texas Rule of Appellate Procedure 52(c). Obviously, this second form of bill-of-exception procedure did not exist when *Miller* was decided in 1935.

action of the court." 79 S.W.2d at 131–32. But we are not to impose such a burden.[4]

*Most significantly*, *Miller* does not even address the language of the statute at issue here. Article 678 as it existed in 1935 did not reference court reporter's notes at all. Such amendment did not take place until the 1950s.[5]

In this case, appellant timely objected to the trial judge disregarding Code of Criminal Procedure article 36.28 by providing the jury with a written transcript of testimony. Given the high deference we as a society give to the jury, along with the almost impenetrable wall surrounding the jury's deliberations,[6] a meaningful harm analysis is impossible. By calling the trial judge's disregard of article 36.28 harmless error, this court effectively nullifies an act of the legislature.

Therefore, I respectfully dissent.

Article 36.28, entitled "Jury may have witness re-examined or testimony read," provides:

> In the trial of a criminal case in a court of record, if the jury disagree as to the statement of any witness they may, upon applying to the court, have read to them from the court reporter's notes that part of such witness testimony or the particular point in dispute, and no other; but if there be no such reporter, or if his notes cannot be read to the jury, the court may cause such witness to be again brought upon the stand and the judge shall direct him to repeat his testimony as to the point in dispute, and no other, as nearly as he can in the language used on the trial.

Tex. Crim. Proc. Code Ann. art. 36.28. Article 36.28 is not ambiguous, nor does

---

[4] Even assuming a violation of this portion of article 36.28 is purely statutory such that Texas Rule of Appellate Procedure 44.2(b)'s substantial-rights standard of harm would apply, "no burden to show harm should be placed on the defendant who appeals." *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001).

[5] *See supra* note 2.

[6] *See* Tex. R. Evid. 606(b).

imposing its plain meaning impose an absurd result. The literal text of the statute is clear. The statute only authorizes oral readback of the court reporter's notes concerning the particular disputed testimony, or when there is no reporter or the reporter's notes cannot be read, for the witness to repeat such testimony on the stand. *Id.* The statute *does not* authorize the trial judge to provide the jury with a written transcript of the court reporter's notes, as was done here. *See id.* No statute or authority otherwise permits the trial judge to provide a deliberating jury with a written transcript of a witness's testimony.[7]

Although the trial judge has discretion in determining whether a jury's inquiry about disputed testimony is proper and in deciding what sections of testimony will best answer the jury's inquiry, *see Thomas v. State*, 505 S.W.3d 916, 923 (Tex. Crim. App. 2016), there is no discretion with regard to how the trial judge is to provide the jury with that testimony. The trial judge *has no discretion* to provide anything but oral readback of such testimony or the witness to orally recreate her testimony as accurately as possible on the stand.[8] But this is precisely what the trial judge refused

---

[7] By contrast, under Code of Criminal Procedure article 36.25, entitled "Written evidence," a deliberating jury can request and "shall be furnished" with "any exhibits admitted as evidence in the case." Tex. Code Crim. Proc. Ann. art. 36.25. But a court reporter's written notes of a witness's trial testimony do not fall within article 36.25.

[8] Likewise, in civil cases, trial judges provide juries that disagree as to witness testimony with either oral readback of the court reporter's notes of such testimony or with the witness herself to orally recreate her testimony as accurately as possible on the stand. Texas Rule of Civil Procedure 287 provides:

> If the jury disagree as to the statement of any witness, they may, upon applying to the court, have read to them from the court reporter's notes that part of such witness' testimony on the point in dispute; but, if there be no such reporter, or if his notes cannot be read to the jury, the court may cause such witness to be again brought upon the stand and the judge shall direct him to repeat his testimony as to the point in dispute, and no other, as nearly as he can in the language used on the trial; and on their notifying the court that they disagree as to any portion of a deposition or other paper not permitted to be carried with them in their retirement, the court may, in like manner, permit such portion of said deposition or paper to be again read to the jury.

to do here, over appellant's timely objection that not doing so and instead providing written transcript excerpts would improperly comment on the weight of the evidence.

Article 36.28's purpose is "to balance our concern that the trial court not comment on the evidence with the need to provide the jury with the means to resolve any factual disputes it may have." *Id.* The Court of Criminal Appeals has recognized that violations of the discretionary portions of the statute "may serve to bolster the State's case unnecessarily." *Id.* A litigant must preserve complaints related to such discretionary portions—whether the jury actually disagreed on testimony and to the scope of disputed testimony. *See id.* at 924 (citing *Hollins v. State*, 805 S.W.2d 475, 476 (Tex. Crim. App. 1991)).[9] We "apply the standard for assessing harm pursuant to [Texas Rule of Appellate Procedure] Rule 44.2(b)" to errors related to the discretionary portions of the statute. *Id.* at 925; *see* Tex. R. App. P. 44.2(b) ("Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."). Reversal is therefore warranted if the error affected appellant's substantial rights. *See* Tex. R. App. P. 44.2(b); *Thomas*, 505 S.W.3d at 925–26.

However, the Court of Criminal Appeals *has not* substantively addressed a violation of the nondiscretionary portion of article 36.28. The court has not yet categorized a litigant's right to only have the jury hear oral readback of the court reporter's notes of disputed witness testimony or disputed testimony repeated

---

Tex. R. Civ. P. 287. If the jury tells the trial judge it disagrees as to a portion of a deposition or another paper not allowed to go back into the jury room, rule 287 further permits the trial judge to allow such item "to be again read to the jury." *Id.*

[9] The discretionary portions of the statute are not at issue because appellant did not object in the trial court and does not challenge on appeal that the jury disagreed as to his testimony or the content of his testimony provided.

"verbatim" by the witness on the stand. In other words, it is not settled under *Marin* whether such an error needs to be preserved at trial to be raised on appeal. Nor has the Court of Criminal Appeals considered whether such error is purely statutory or perhaps may have some constitutional dimension that affects whether it should be subject to harmless-error analysis under rule 44.2(a). *See* Tex. R. App. P. 44.2(a) ("If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment.").

I would conclude that a trial judge's violation of the nondiscretionary portion of article 36.28 should be characterized as at the least a category-two right under *Marin*. In so concluding, I am guided by recent holding of the Court of Criminal Appeals in *Proenza v. State*, 541 S.W.3d 786, 801 (Tex. Crim. App. 2017), "that the right to be tried in a proceeding devoid of improper judicial commentary is at least a category-two, waiver-only right." The *Proenza* court considered the language of article 38.05 and noted that the statute is couched in mandatory terms, directed at the trial judge herself, and creates a duty to act sua sponte or refrain sua sponte from a certain kind of action. *Id.* at 798; *see* Tex. Crim. Proc. Code art. 38.05 ("In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case."). The *Proenza* court highlighted the importance of the proper functioning of the criminal adjudicatory system and of protecting the perception of the trial judge's impartiality in front of the jury. 541 S.W.3d at 798–800. Similarly, because article 36.28 creates a duty on the trial judge to act by only providing the deliberating jury

9

with oral readback of disputed witness testimony or witness recreation of disputed testimony, and because article 36.28 implicates the concern that the trial judge not comment on the evidence to the deliberating jury, I would conclude this is at least a right that is expressly waivable only and need not be preserved below. *See id.* at 797–801.

With regard to harm, I do not believe that a trial judge's error in providing a deliberating jury with written witness testimony instead of proper oral readback or witness recreation of testimony lends itself to traditional harm analysis under rule 44.2. The only items that a deliberating jury generally takes back into the jury room to determine the defendant's guilt are the jury charge and its recollection of all the trial evidence. This does not mean the jury cannot on its own request certain evidence as so permitted. As for written evidence, "[t]here shall be furnished to the jury upon its request any exhibits admitted as evidence in the case." Tex. Code Crim. Proc. Ann. art. 36.25. As for witness testimony, only if the jury disagrees as to a witness statement and applies to the trial judge, may the jury have read back to it or rehear from the witness from the stand the appropriate point in dispute. *Id.* art. 36.28.

When a trial judge sends evidence back to the jury in an erroneous, unauthorized format, *e.g.*, a written transcript of witness testimony, arguably this presents a situation in which a reviewing court cannot reasonably determine whether such commingling of "valid" evidence (written exhibits and oral readback of disputed testimony properly provided under the Code of Criminal Procedure) and "invalid" evidence (written transcripts of disputed testimony improperly provided under the Code of Criminal Procedure) improperly bolstered the weight of certain testimony and therefore contributed to the jury's deliberation of the defendant's guilt.[10] And even then what would such a harm determination look like? Could it

---

[10] Perhaps an analogy in the civil context might be the erroneous commingling of valid and

10

even be done without review of battling experts, who essentially would be tasked with invading the province of the jury and the sanctity of the jury room?[11]

In any event, I respectfully disagree with the court's conclusion on harm in appellant's particular case. Appellant's testimony was confused and conflicting. In a case wherein the jury had to make its choice among murder, and the lesser-included offenses of manslaughter[12] and criminally negligent homicide,[13] the testimony concerned the most crucial element of the State's case. That is, appellant's culpable mental state during the incident in which he shot and killed his friend. The trial judge's improper comment on the weight of such evidence turned the tide against appellant and in favor of the State. To decide otherwise in this case effectively nullifies the legislature's intent to treat trial testimony differently and more restrictively than other trial evidence.

Instead of providing the jury with it once by oral readback in the courtroom,

---

invalid liability theories in the jury charge of a civil case. *See Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 388–89 (Tex. 2000) ("[W]e hold that when a trial court submits a single broad-form liability question incorporating multiple theories of liability, the error is harmful and a new trial is required when the appellate court cannot determine whether the jury based its verdict on an improperly submitted invalid theory." (citing Tex. R. App. P. 44.1(a)).

[11] *See supra* note 6.

[12] If the jury instead had returned a guilty verdict on manslaughter, it may have assessed fewer than thirty years, down to the minimum sentence of 25-years confinement for appellant as a habitual felon. *See* Tex. Penal Code Ann. §§ 12.42(d) (punishment range for habitual felony is imprisonment for life, or for any term of not more than 99 years or less than 25 years), 19.04(a) (person commits manslaughter "if he recklessly causes the death of an individual"), (b) (manslaughter is second-degree felony).

[13] More significantly, if the jury had returned a guilty verdict on criminally negligent homicide instead of on murder or manslaughter, appellant would not have even been subject to punishment as a habitual felon and could not have received 30-years confinement. *See* Tex. Penal Code Ann. §§ 12.35(a) (punishment range for state jail felony is confinement for any term of not more than two years or less than 180 days), 12.42(d) (habitual-felon statute does not apply to state jail felony), 19.05(a) (person commits criminally negligent homicide "if he causes the death of an individual by criminal negligence"), (b) (criminally negligent homicide is state jail felony).

the trial judge treated appellant's disputed trial testimony as an admitted written exhibit so that it was available to be passed among the jury in the jury room, and to be read and considered without time or other restraint. *See* Tex. Code Crim. Proc. Ann. art. 36.25. Although bringing out the jury and providing it with one-time oral readback of disputed testimonial evidence properly strikes a balance between the trial judge's commenting on the weight of the evidence with the need to provide the jury with the means to resolve any factual disputes, *see Thomas*, 505 S.W.3d at 923, I cannot help but conclude that the provision of excerpts from the court reporter's notes in written transcript form concerning an essential element of the alleged offenses to be accessed and considered as written evidence in the jury room, over appellant's objection, amounted to an impermissible comment on its importance by the trial judge and unfairly tipped that balance in favor of the State (and to the highest degree of offense, murder) in appellant's case. *See* Tex. Code Crim. Proc. art. 38.05.

This is especially the case when appellant's testimony indicated he could not maintain a consistent story about what happened and what he felt during the incident, *i.e.,* his culpable mental state. Appellant's disputed testimony provided to the jury by written transcript concerned whether appellant "felt threatened" by Barriere and Harris. The trial judge provided approximately four pages of written transcript excerpts to the jury. In relevant part, appellant's testimony on direct indicated that Barriere took a couple of steps toward appellant, appellant was afraid, and appellant raised the shotgun "just to scare" and "back [Barriere] up." Appellant's testimony on cross-examination indicated that Harris told appellant "you're not going to leave me here" and charged appellant; appellant was holding the gun but pointed it up in the air, not at Harris. Appellant's testimony on re-direct indicated he was scared when Barriere was coming towards appellant and he thought Barriere could seriously injure or even kill him. Appellant's testimony on re-cross indicated that

12

when the "gun went off the first time," Harris was actually walking away from appellant; appellant was not trying to defend himself with the gun, and it "just accidentally went off." Appellant's testimony on further re-direct indicated he was trying to defend himself by raising the gun and showing it to Barriere and Harris.

Instead of resolving its disagreement over appellant's testimony based on listening to it being read back one time in the courtroom, the jury was able to (re)read and (re)consider his conflicting testimony—in writing, in the jury room, as much as it may have wanted. In appellant's case, this was not an insignificant error. I am not convinced that the trial judge's actions did not influence the jury's verdict or only had but very slight effect. *See Kotteakos v. United States*, 328 U.S. 750, 764 (1946). Instead, I harbor grave doubts that this error substantially influenced the jury's decision to find appellant guilty of murder instead of a lesser-included offense, and I am unable to disregard it. *See id.*

The court concludes that appellant was not harmed because the content of the written testimony sent back in written transcript form was the same as what would have been read to the jury if the trial judge had complied with article 36.28. But this effectively nullifies the legislature's plain, unambiguous intent in passing not only article 36.28, but also article 36.25, regarding permissible methods available to the trial judge to provide evidence to a deliberating jury. Again, the legislature only allows the trial judge to provide a deliberating jury with requested admitted exhibits and with oral readback or witness recreation of disputed testimony.[14] Moreover, the

---

[14] "[A]ny redefining" of jury procedure "best be facilitated legislatively." *Morrison v. State*, 845 S.W.2d 882, 887 & n.13 (Tex. Crim. App. 1992) ("The Code of Criminal Procedure sets forth numerous rules of procedure applicable to juries [such as article 36.28] with considerable detail."). In other words, it is up to the legislature to decide whether to amend jury procedure in the Code of Criminal Procedure to authorize trial judges to provide juries with written transcripts of trial testimony during deliberations. And it would be up to the legislature to determine the contours of any such provision, such as when the jury could or would have such access (upon actual disagreement or request) and whether such access would be only to certain portions or the

13

cases "to the contrary" on which the court relies do not dictate the result in this appeal. None of those cases involved circumstances in which a defendant timely raised a "specific legal objection . . . that [providing the disputed testimony in written transcript form] is a comment on the weight of the evidence by the Court," like appellant did.[15] None of those cases involved the particular highlighting of a defendant's own trial testimony—regarding whether he possessed the requisite intent to have committed murder as opposed to a lesser-included offense—at issue here.

The court further concludes that even if a written format emphasized the testimony more than an oral format, appellant was not harmed because testimony from both the State's and his trial counsel's examination of him was sent back to the jury. While the contradictory testimony provided was not one-sided in the sense that it was not just elicited by the State, it certainly was one-sided in that it involved appellant's impeachment of himself as to his culpable mental state during the shooting, which favored the State. The undue emphasis was of evidence clearly detrimental to appellant.

Finally, the court concludes there was other evidence to support murderous intent and the State focused on appellant's actions in its closing, so that the trial judge's conduct can be disregarded as a mere procedural irregularity. I disagree. While the evidence may have been legally sufficient to support a murder conviction, the trial judge's improper highlighting of appellant's conflicting testimony regarding his culpable mental state while the jury was deliberating on that very issue (without

_____

entirety of the court reporter's notes of the trial testimony.

[15] If appellant had waived compliance with article 36.28 consistent with *Marin*, then I would not be dissenting. *See* Tex. R. App. P. 33.1. The fact that some trial judges may allow written transcripts to go back to jury rooms without that issue being raised on appeal merely means the issue is undecided.

14

any instruction that the trial judge was not in fact emphasizing appellant's testimony to the jury) had more than a slight effect and affected appellant's substantial rights.

The trial judge did not follow the plain meaning of the law. I would not act as a "super legislator" and effectively repeal article 36.28 from the Code of Criminal Procedure. The Texas Legislature has never given general ruling-making power over criminal procedure to the Court of Criminal Appeals, and it is certainly not this court's place to erase a statute no one contends is unconstitutional.

I would sustain appellant's first issue, reverse the trial court's judgment, and remand the case for further proceedings. *See* Tex. R. App. P. 43.2(d). I respectfully dissent.

/s/     Charles A. Spain
           Justice

Panel consists of Justices Wise, Zimmerer, and Spain (Spain, J., dissenting). Publish—Tex. R. App. P. 47.2(b).