**Judgment of November 26, 2019 Withdrawn; Motion for Rehearing Granted, Motion for En Banc Reconsideration Denied as Moot, Reversed, Remanded, and Majority, Concurring, and Dissenting Opinions on Rehearing filed August 13, 2020.**



In the

# Fourteenth Court of Appeals

## NO. 14-18-00162-CR

**VINCENT DEPAUL STREDIC, Appellant**

**v.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 177th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1530454**

## MAJORITY OPINION ON REHEARING

As a society, we accord high deference to the jury system. We respect the jury's role, indeed its duty, to judge the facts, believe or disbelieve witness testimony, and resolve conflicts in the evidence. However, the jury's ability to fulfill its duty cannot be separated from, and indeed depends on, the trial court's duty to properly apply procedural rules to ensure the jury can fairly and impartially

deliberate and render a verdict based on the law and the evidence. This evidence is supposed to consist of the testimony that the jury hears and the exhibits that the jury sees. In this case—over appellant's objection—the trial court violated Code of Criminal Procedure article 36.28 by providing28 the deliberating jury with written excerpts of appellant's trial testimony. In this case, the error affected appellant's substantial rights and cannot be disregarded as a mere procedural irregularity.

The court initially affirmed the trial court's judgment, in which appellant Vincent Depaul Stredic was convicted of murder and sentenced to imprisonment for 30 years. *Stredic v. State*, No. 14-18-00162-CR, 2019 WL 6320220, at *1–6 (Tex. App.—Houston [14th Dist.] Nov. 26, 2019, no pet. h.); *id.* at *6–13 (Spain, J., dissenting); *see* Tex. Penal Code Ann. §§ 12.42(d), 19.02.

Appellant timely filed a motion for rehearing, which only argued the unconstitutionality of section 133.058(a) of the Local Government Code, which authorizes a ten-percent service fee for the collection of the consolidated court cost by counties such as Harris County. *See* Tex. Loc. Gov't Code Ann. § 133.058; Tex. R. App P. 49.1. The State filed a response. *See* Tex. R. App. P. 49.2. The court denied the motion for rehearing. Appellant also timely filed a motion for en banc reconsideration, which argued the trial court committed reversible error by violating article 36.38 of the Code of Criminal Procedure, as well as the unconstitutionality of the section-133.058(a) service fee for collecting the consolidated court cost. *See* Tex. R. App P. 49.7. The State again filed a response. The court grants rehearing on its own motion on the article-36.38 issue raised in the motion for en banc reconsideration. *See* Tex. R. App P. 49.3.

For clarity, we summarize the new holdings. In his first issue, appellant argues that Code of Criminal Procedure article 36.28 does not allow for a written transcript of disputed testimony to be provided to the jury during deliberations. *See* Tex. Code

Crim. Proc. Ann. art. 36.28. Appellant also contends that he was harmed by the trial court's error. We agree.

Statutory construction is a question of law we review de novo. *Williams v. State*, 253 S.W.3d 673, 677 (Tex. Crim. App. 2008). When interpreting statutory language, we focus on the collective intent or purpose of the legislators who enacted the legislation. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). We construe a statute according to its plain meaning without considering extratextual factors unless the statutory language is ambiguous or imposing the plain meaning would cause an absurd result. *See id.* at 785–86. Applying the canons of construction to determine the meaning of a statute, we presume that (1) compliance with the constitutions of this state and the United States is intended, (2) the entire statute is intended to be effective, (3) a just and reasonable result is intended, (4) a result feasible of execution is intended, and (5) public interest is favored over any private interest. *Clinton v. State*, 354 S.W.3d 795, 800 (Tex. Crim. App. 2011); *see* Code Construction Act, Tex. Gov't Code Ann. § 311.021.

Article 36.28 provides:

> In the trial of a criminal case in a court of record, if the jury disagree as to the statement of any witness they may, upon applying to the court, have read to them from the court reporter's notes that part of such witness testimony or the particular point in dispute, and no other; but if there be no such reporter, or if his notes cannot be read to the jury, the court may cause such witness to be again brought upon the stand and the judge shall direct him to repeat his testimony as to the point in dispute, and no other, as nearly as he can in the language used on the trial.

Tex. Code Crim. Proc. Ann. art. 36.28. Article 36.28 is not ambiguous, nor does imposing its plain meaning impose an absurd result. Instead, the plain meaning of the statute is clear. The statute only expressly authorizes oral readback of the court's

3

reporter's notes concerning the particular disputed testimony, or when there is no reporter or the reporter's notes cannot be read, for the witness to repeat such testimony on the stand. *See id.* The statute does not authorize the trial court to provide the jury with a written transcript of the court reporter's notes, as was done here. *See id.*[1] Therefore, we conclude that the trial court violated article 36.28 and clearly abused its discretion by supplying—over appellant's objection—disputed testimony to the deliberating jury in a manner not authorized by statute. *See id.*; *Thomas v. State*, 505 S.W.3d 916, 923 (Tex. Crim. App. 2016).

Even assuming without deciding that a violation of the nondiscretionary portion[2] of article 36.28 is purely statutory and not constitutional error,[3] and even assuming without deciding that such an error lends itself to a traditional harm analysis under rule 44.2, we conclude that the error affected appellant's substantial

---

[1] The parties do not provide, and we have not located, any statute otherwise permitting the trial court to provide a deliberating jury with a written transcript of a witness's testimony. Nor do the parties point us to, and we have not located, any controlling case. Most cases involving article 36.28 concern whether there was sufficient indication the jury disagreed such that the trial court should even have provided readback of witness testimony or whether the trial court properly ascertained the scope of the disputed witness testimony to be provided by readback to the jury. But this case does not present such issues. *See infra* note 2.

[2] The discretionary portions of the statute are not at issue because appellant did not object in the trial court and does not challenge on appeal that the jury disagreed as to his testimony or the content of his testimony provided.

[3] The Court of Criminal Appeals has not substantively addressed a violation of the nondiscretionary portion of article 36.28. The court has not yet categorized a litigant's right to only have the jury hear oral readback of the court reporter's notes of disputed witness testimony or disputed testimony repeated "verbatim" by the witness on the stand. In other words, it is not settled under *Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993), whether such an error needs to be preserved at trial (as it was here) to be raised on appeal. Nor has the Court of Criminal Appeals considered whether such error is purely statutory or perhaps may have some constitutional dimension that affects whether it should be subject to harmless-error analysis under rule 44.2(a). *See* Tex. R. App. P. 44.2(a) ("If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment.").

4

rights. *See* Tex. R. App. P. 44.2(b) ("Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."); *Thomas*, 505 S.W.3d at 925 (applying rule 44.2(b)). "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997); *see Kotteakos v. United States*, 328 U.S. 750, 776 (1946). "[A]n error had a substantial and injurious effect or influence if it substantially swayed the jury's judgment." *Thomas*, 505 S.W.3d at 926. The proper inquiry is "whether the error itself had substantial influence[;] If so, or if one is left in grave doubt, the conviction cannot stand." *Kotteakos*, 328 U.S. at 765. But if "the error did not influence the jury, or had but very slight effect, the verdict and the judgment should stand." *Id.* at 764.

Appellant argues that seeing the testimony in written form "may have substantially swayed the jury to believe that [appellant]'s shooting of . . . [complainant Christopher Joel] Barriere was intentional or knowing." Appellant contends that "[i]f not for the emphasis on this testimony, the jury may quite possibly have found [appellant] guilty of only manslaughter or criminally negligent homicide."

A person commits murder "if he . . . intentionally or knowingly causes the death of an individual [or] intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual." Tex. Penal Code. Ann. § 19.02(b). "A person acts intentionally, or with intent, with respect . . . to a result of his conduct when it is his conscious objective or desire to . . . cause the result." Tex. Penal Code. Ann. § 6.03(a). "A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result." Tex. Penal Code. Ann. § 6.03(b).

A person commits manslaughter "if he recklessly causes the death of an

5

individual." Tex. Penal Code. Ann. § 19.04(a). "A person acts recklessly, or is reckless, with respect to . . . the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that . . . the result will occur." Tex. Penal Code. Ann. § 6.03(c).

A person commits criminally-negligent homicide "if he causes the death of an individual by criminal negligence." Tex. Penal Code. Ann.§ 19.05(a). "A person acts with criminal negligence, or is criminally negligent, with respect to . . . the result of his conduct when he ought to be aware of a substantial and unjustifiable risk that . . . the result will occur." Tex. Penal Code. Ann. § 6.03(d).

Lesser-included offenses, such as manslaughter and criminally-negligent homicide, are properly submitted to the jury if the record contains some evidence which would permit a jury to rationally find that if the defendant is guilty, he is guilty of only the lesser offense. *See Lugo v. State*, 667 S.W.2d 144, 147 (Tex. Crim. App. 1984). This is so regardless of whether the evidence is weak, impeached, or contradicted. *Bell v. State*, 693 S.W.2d 434, 442 (Tex. Crim. App. 1985). A defendant's own testimony, though contradicted, is sufficient to require an instruction on a lesser-included offense. *Hunter v. State*, 647 S.W.2d 657, 658 (Tex. Crim. App. 1983). In appellant's charge, the jury was provided with both manslaughter and criminally-negligent homicide as lesser-included offenses to murder. The State did not object to the inclusion of manslaughter and criminally-negligent homicide.

Implicit in the definitions of manslaughter and criminally-negligent homicide is the concept that the actor must not have acted intentionally or knowingly; the actor must not have intended the resulting death or been aware that a death was reasonably certain to occur. *See* Tex. Penal Code Ann. § 6.03(a–b). Accordingly, both offenses are lesser felonies. *See* Tex. Penal Code. Ann. §§ 19.02(c) (murder is first-degree

6

felony), 19.04(b) (manslaughter is second-degree felony), 19.05(b) (criminally-negligent homicide is state jail felony). Having found appellant guilty of murder, the jury assessed his punishment at 30-years imprisonment. If the jury instead had returned a guilty verdict on manslaughter, it may have assessed fewer than thirty years, down to the minimum sentence of 25-years imprisonment for appellant as a habitual felon. *See* Tex. Penal Code. Ann. § 12.42(d) (punishment range for habitual felony offender is 25 to 99 years). More significantly, if the jury had returned a guilty verdict on criminally-negligent homicide instead of on murder or manslaughter, appellant would not have even been subject to punishment as a habitual felon and could not have received 30-years imprisonment. *See* Tex. Penal Code. Ann. §§ 12.35(a) (punishment range for state jail felony is 180 days to two years), 12.42(d) (habitual-felon statute does not apply to state jail felony).

As for the evidence, certainly, there was no real dispute that appellant shot and caused the death of Barriere. Essentially, "the sole issue at trial concerned appellant's intent." *See Lugo*, 667 S.W.2d at 149. During closing, the State certainly focused the jury on this contested element, stating that it had to prove "what's in [appellant's] mind. Did he intend that this happen?" Defense counsel also informed the jury that appellant's intent was the key element:

> So when you deliberate about your independent verdict, if you do not believe the State has proven that Vincent Stredic intentionally caused the death of Christopher Barriere, you have found him not guilty of murder; and you then must decide whether this accident was manslaughter or criminally negligent homicide. And I would submit to you that that's where your focus is going to be during your deliberation.

The State discussed various evidence in its effort to prove appellant's intent, including the surveillance video from the gas station, testimony from Rodrick Harris, and appellant's video statement. In addition, however, the State specifically highlighted appellant's testimony on the stand for the jury, comparing it to what he

7

said and did not say in his video statement and arguing that his trial testimony was concocted:

> Basically the testimony that he gave to you on the stand that he's had a year to think about now, he had that opportunity to tell them at that time; but he doesn't. I can tell you exactly why he doesn't. Because at that point he hasn't had a chance to really formulate his story.

Here, appellant's disputed testimony provided to the jury by transcript concerned whether appellant "felt threatened" by Barriere and Harris. The trial court provided approximately four pages of transcript excerpts to the jury. In relevant part, appellant's testimony on direct indicated that Barriere took a couple of steps toward appellant, appellant was afraid, and appellant raised the shotgun "just to scare" and "back [Barriere] up." Appellant's testimony on cross indicated that Harris told appellant "you're not going to leave me here" and charged appellant; appellant was holding the gun but pointed it up in the air, not at Harris. Appellant's testimony on re-direct indicated he was scared when Barriere was coming towards appellant and he thought Barriere could seriously injure or even kill him. Appellant's testimony on re-cross indicated that when the "gun went off the first time," Harris was actually walking away from appellant; appellant was not trying to defend himself with the gun, and it "just accidentally went off." Appellant's testimony on further re-direct indicated he was trying to defend himself by raising the gun and showing it to Barriere and Harris.

Ordinarily, the jury is not allowed to rehear or reconsider any testimonial evidence. *Cf.* Tex. Code Crim. Proc. Ann. art. 36.25. However, as here, the jury may properly ask the trial court for a readback of witness testimony to help it resolve its factual dispute. *See* Tex. Code of Crim. Proc. Ann. art. 36.28; *Thomas*, 505 S.W.3d at 923. There is no question that the jury faced disagreement regarding what appellant's trial testimony revealed about his intent, which is a question of fact. *See*

8

*Smith v. State*, 965 S.W.2d 509, 518 (Tex. Crim. App. 1998). There is no question that the jury requested the trial court's help in resolving its dispute. There is also no question that, if the jury was going to return a verdict of guilty, determining appellant's culpable mental state at the time of the shooting was critical to the jury's finding him guilty of murder versus a lesser-included offense of manslaughter or criminally-negligent homicide.

The particular question we face is whether the trial court's answering the jury's disagreement about witness testimony by providing a written transcript that the jury was able to read during deliberations commented on the weight of the evidence and harmed appellant. We acknowledge that we would not be facing this question if the trial court had complied with article 36.28 by providing oral readback of appellant's disputed testimony. But the trial court here violated article 36.28 by sending excerpts of the court reporter's notes back to the jury room and in doing so clearly abused its discretion.

Instead of providing the jury with it once by oral readback in the courtroom, the trial court treated appellant's disputed trial testimony as an admitted written exhibit so that it was available to be passed among the jury in the jury room, and to be read and considered without time or other restraint. *See* Tex. Code Crim. Proc. Ann. art. 36.25 ("There shall be furnished to the jury upon its request any exhibits admitted as evidence in the case."). Although bringing out the jury and providing it with one-time oral readback of disputed testimonial evidence properly strikes a balance between the trial court's commenting on the weight of the evidence with the need to provide the jury with the means to resolve any factual disputes, *Thomas*, 505 S.W.3d at 923, we conclude that the provision of excerpts from the court reporter's notes in transcript form concerning an essential element of the alleged offenses to be accessed and considered as written evidence in the jury room, over objection,

9

amounted to an impermissible comment on its importance by the trial court and unfairly tipped that balance in favor of the State (and the highest degree of offense, murder) in appellant's case. *See* Tex. Code Crim. Proc. Ann. art. 38.05 ("In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case.").[4]

This is especially the case when appellant's testimony indicated he could not maintain a consistent story about what happened and what he felt during the incident, *i.e.*, his culpable mental state. Instead of resolving its disagreement over appellant's testimony based on listening to it being read back orally one time in the courtroom, the jury was able to (re)read and (re)consider his conflicting testimony about what was "in his mind"—in writing, in the jury room, as much as it may have wanted. In appellant's case, when the State expressly attacked and described appellant's trial testimony concerning the sole issue in the case as "formulated," or in other words, a

---

[4] The authority "to the contrary" on which the dissent relies does not control or carry the day in appellant's particular case. None of those cases involved circumstances in which an appellant timely raised a "specific legal objection . . . that [providing the disputed testimony in transcript form] is a comment on the weight of the evidence by the Court," like appellant did here. None of those cases involved the particular highlighting of an appellant's own trial testimony— regarding whether he possessed the requisite intent to have committed murder as opposed to a lesser-included offense—at issue here.

*Miller v. State* involved a bill-of-exception procedure that no longer exists, and there is no discussion of error preservation of any statutory violation. *Miller*'s discussion of harm consisted of a conclusory determination that the defendants had not met their burden to show "some injury to themselves by said action of the court." 79 S.W.2d 328, 330 (Tex. Crim. App. 1935); *see also Jones v. State*, 402 S.W.2d 191, 194 (Tex. Crim. App. 1966) (citing *Miller* for same). In *Higdon v. State*, 764 S.W.2d 308, 310 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd), the appellant waived any error in the trial court's article 36.28 procedure at the time the transcript in question was offered to the jury. Moreover, in *Higdon*, the appellant was not prejudiced when he also "acquiesced" to the trial court's sending his own trial testimony to the jury in transcript form.

lie, this was not an insignificant error.[5] Additionally, in appellant's case, the jury's determination of this sole issue meant a sentence of 30 years instead of as few as 180 days.

Without invading the role of the jury, we can never know for sure what influenced this jury in making its verdict, given the almost impenetrable wall surrounding deliberations. *See* Tex. R. Evid. 606(b). Under these circumstances, based on our review of the whole record, we are not convinced that the trial court's actions did not influence the jury's verdict or only had but very slight effect. *See Kotteakos*, 328 U.S. at 764. We "cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." *See id.* at 765. Instead, we harbor "grave doubts" that this error substantially influenced the jury's decision to find appellant guilty of murder instead of a lesser-included offense, and we cannot disregard it.[6] *See id.*

---

[5] We, of course, are not saying that a trial court's provision of disputed trial testimony to the jury in transcript form in violation of article 36.28 could never be harmless.

[6] The dissent argues that appellant was not harmed because the content of the testimony sent back in transcript form was the same as what would have been read to the jury if the trial court had complied with article 36.28. This position effectively nullifies the legislature's plain, unambiguous intent in passing not only article 36.28, but also article 36.25, regarding the authorized methods available to the trial court to provide evidence to a deliberating jury. The legislature only allows the trial court to provide a deliberating jury with requested admitted exhibits and with readback of disputed testimony.

The dissent further argues that even if a written format emphasized the testimony more than an oral format, appellant was not harmed because testimony from both the State's and his trial court's examination of him was sent back to the jury. While the testimony provided was not one-sided in the sense that it was not just elicited by the State, it was one-sided in that it involved appellant's impeachment of himself as to his culpable mental state during the shooting, which favored the State. The undue emphasis was of evidence clearly detrimental to appellant.

Finally, the dissent asserts there was other evidence to support murderous intent and the State focused on appellant's actions in its closing, so that the trial court's conduct can be disregarded as a procedural irregularity. For the reasons expressed above, we disagree. While the evidence may have been legally sufficient to support a murder conviction, the trial court's

Therefore, after granting rehearing on our own motion, we sustain appellant's first issue, reverse the trial court's judgment, and remand the case for further proceedings. *See* Tex. R. App. P. 43.2(d). Appellant's motion for en banc reconsideration is denied as moot.

In addition to the issue of the unconstitutionality of section 133.058(a) with regard to the consolidated court cost, appellant argued issues that the evidence was insufficient to support the punishment enhancement for burglary of a habitation and the unconstitutionality of the retention by Harris County of a ten-percent service fee also under section 133.058(a) of the jury-reimbursement and indigent-defense fees. Because these issues would not afford appellant any greater relief, we need not reach them. *See* Tex. R. App. P. 47.1.


/s/ Charles A. Spain
   Justice


Panel consists of Justices Wise, Zimmerer, and Spain (Zimmerer, J., concurring) (Wise, J., dissenting).

Publish—Tex. R. App. P. 47.2(b).

---

improper highlighting of appellant's conflicting trial testimony regarding his culpable mental state while the jury was deliberating that sole issue (without any instruction that the trial court was not in fact emphasizing appellant's testimony to the jury) had more than a slight effect. *See Kotteakos*, 328 U.S. at 765 ("The inquiry cannot be merely whether there was enough to support the result . . . .").